## MARTIN v. DENSFORD.

Courts of law and equity have concurrent jurisdiction, as to suits against heirs, executors, or administrators, for the debts of the decedent.

Commissioners for the sale of real estate should report within a reasonable time; and the report should show the sum the estate sold for, the time when it was sold, and, the decree requiring it, that the rents and profits for seven years had been first offered for sale.

ERROR to the *Clark* Circuit Court.                          *Thursday, November 28.*

STEVENS, J.—On the 20th day of *June,* 1826, *Densford* filed his bill in chancery against *Robert Martin,* alleging that on the 10th day of *December,* 1823, one *William Martin,* deceased, by his promissory note of that date, promised to pay to him on demand 83 dollars and 31 cents, and that the deceased was also indebted to him in the further sum of 30 dollars, for goods, wares, and merchandize; and exhibits a bill of particulars of the goods, wares, and merchandize, and also exhibits the promissory note, and makes them a part of his bill.   He further shows, that the deceased paid on the note 49 dollars before his death. He then alleges that in the month of *June,* the deceased departed this life intestate, leaving the balance aforesaid on the note unpaid, and also leaving the 30 dollars for the goods, wares, and merchandize unpaid; and that they still remained unpaid.   He further alleges that the deceased left no personal estate, but that he was the owner and possessor, at the time of

his death, of the undivided half of in-lot of land number 7, in the town of *Utica*, &c., on which there were lasting and valuable improvements, &c., such as a large and commodious dwelling-house, the rents and profits of which, at "a moderate estimate," were worth 50 dollars *per annum;* that the deceased held the premises by a legal title in fee-simple, which appeared of record, &c. He further alleges that he left no heirs or legal representative surviving him, known to the complainant, except one brother, *Robert Martin,* who resides somewhere in *Missouri* or *Mississippi;* and that administration has never been had upon the estate of the deceased. He makes the said brother a defendant to his bill, and calls upon him to answer, &c. He then prays that the said lot of land and premises, &c. may be made subject to his claim; that in the mean time a receiver be appointed to receive the rents and profits, and that they may also be made subject to his claim, &c.; that the said lot and premises be decreed to be sold, &c.

Such proceedings were then had, that on the 26th day of *October,* 1826, the bill was taken as confessed against the defendant for want of an answer, and a final decree rendered, &c. The decree is, that the complainant recover his debt, &c., that is, the balance due on the note with interest, and the 30 dollars for the goods, wares, and merchandize, making the sum of 76 dollars and 10 cents, together with interest thereon until paid, and also his costs, &c., that the lot and premises were subject to the debt, &c., and that they should be sold, &c. *Thomas Carr* was appointed a commissioner to sell and convey, &c.; first offering for sale the rents and profits for seven years, and if they would not sell for a sufficiency to satisfy the complainant his debt, interest, and costs, &c., then to sell the fee-simple, &c.; and out of the proceeds of such sale to pay off the debt, interest, and costs, and return the overplus, if any, to the defendant, &c. Afterwards, in *June,* 1828, the commissioner made a return to the Circuit Court, that he had sold the lot and premises to the complainant, &c. The sale and proceedings of the commissioner were affirmed by the Court; and a deed of conveyance was then and there in Court made and acknowledged by the commissioner to the complainant, &c.

The plaintiff in error contends that this record, proceeding, and decree of the Circuit Court, are erroneous, and ought to be reversed and set aside.

The first error assigned is, that the complainant's bill exhibits no foundation for a suit in equity; that his claim is exclusively legal; and that the legislature had furnished him an ample legal remedy, at common law, by their act authorising writs of foreign attachment to issue against non-resident heirs' or devisees. . It is true, that it is a well-settled general principle, that a party cannot apply to a Court of equity, if he have a full and complete remedy at common law. To this general and salutary principle, there are, however, a few exceptions, one of which is, where the debtor is dead, and the creditor has to proceed against his heirs, executors, or administrators; in such cases Courts of equity have concurrent jurisdiction with Courts of law; and the creditor may elect into which Court he will go. This has been long since a settled and necessary right. *Martin* v. *Martin*, 1 Ves. sen. 211.—*Yates* v. *Hambly*, 2 Atk. 360.— *Jesus College* v. *Bloome*, 3 Atk. 262.—*Thompson* v. *Brown*, 4 Johns. Ch. Rep. 619.

The next error assigned is, that the whole proceedings are *sui generis*, without precedent, and wholly defective and void. This assignment, though very general in its terms, is strictly true. The bill shows that the intestate departed this life in the month of *June*, 1826, and that on the 20th day of the same month the suit was commenced; and in 128 days thereafter a final decree for the sale of the premises was rendered. The complainant's demand, including interest up to the time of rendering the decree, amounted to only 76 dollars and 10 cents; and the bill shows that the rents and profits of the premises which were sold, were, at a "moderate estimate," worth 50 dollars *per annum*. If this was true, it is evident that the rents and profits of the premises would have paid the debt, interest, and costs, in two years; yet, in about 128 days from the death of the intestate, the fee-simple is ordered to be sold. The final decree was made on the 26th day of *October*, 1826; and the commissioner who was appointed to sell and convey, never makes any report until in *June*, 1828. Nearly two years elapsed before he reported his proceedings; and when they are made, what are they? He says that he sold the premises to the complainant, but for how much is not stated. Nor does he inform the Court when he made the sale, or how he made it; whether he offered the rents and profits for sale for seven years or not, is not stated. Yet the Court confirms the sale,

and a deed of conveyance is made to the complainant.   Such a record and proceedings carry on their face their own condemnation.   The whole taken together exhibit an abuse of the powers of the Court, we hope never to see again.

*Per Curiam.*—The decree is reversed with costs.   Cause remanded, &c.

*J. H. Farnham,* for the plaintiff.

*H. P. Thornton,* for the defendant.