THE UNKNOWN HEIRS OF WHITNEY *v.* KIMBALL.

Where a debtor is living and possesses an equitable interest in real estate,
inasmuch as the creditor acquires at law, by the judgment, a lien on the
real estate in which the debtor has a legal interest, equity, in aid of
the law, carries along the lien and enforces it against real estate in which
the debtor has only such equitable interest. And as by law the creditor
acquires, by judgment and execution, a lien on the personal property to
which the debtor has the legal title, equity enforces the lien on the equi-
table interest of the debtor in personal property. But it does this only
where a judgment, which constitutes the lien at law, in one case, and a
judgment and an execution, in the other, have been obtained.

Where, however, the original debtor is dead, a judgment at law need not,
in this state, be obtained before going into chancery for the collection of
the debt.

In the latter case the jurisdiction rests on the ground that executors, ad-
ministrators and heirs are, or may be, trustees for creditors, and, hence,
are liable to be called to account in chancery.

Where a remedy also exists at law, the two jurisdictions are concurrent.

Chancery having, where the debtor is deceased, jurisdiction in the first in-
stance and independent of all accidental circumstances, for the collec-
tion of the debt, the question whether the debtor had other property ca-
pable of being subjected at law to the payment of the debt, is imma-
terial.

Where the bill is filed by one, or a few creditors, in behalf of all, they are
all allowed to come in under the decree, prove their claims, and have
them paid in the course of administration.

A bill filed to subject to the payment of a judgment the equitable estate of

a deceased debtor, which does not make his administrator a party, must
allege that none had been appointed.
To a bill against unknown heirs, the plaintiff was required by the R. S.
1843, to annex an affidavit of his want of knowledge of their names,
and that their residence is, as he verily believes, not in this state.
The R. S. 1852 require, in a like case, the same affidavit.

*Nov. Term,*
**1853.**
____
THE UNKNOWN
HEIRS OF
WHITNEY
v.
KIMBALL.

ERROR to the *Lagrange* Circuit Court.

*Friday,*
*December 23.*

PERKINS, J.—*Warren Kimball*, in behalf of himself and
other creditors, filed a bill in chancery in the *Lagrange*
Circuit Court, setting forth that *Horace Thatcher* and *Mi-
chael T. Whitney* were indebted to him in *Ohio*, by pro-
missory note, in the sum of 400 dollars; that about one
year after the execution of said note, to-wit, in 1838, said
*Whitney* departed this life; that in *January*, 1839, judg-
ment was obtained on the note in *Ohio*, against the other
joint maker, a man destitute of all property, and who, in
1842, procured his discharge in the *United States* District
Court of *Ohio* as a bankrupt; that *Whitney*, deceased,
left no property except a tract of land particularly des-
cribed, lying in *Lagrange* county, *Indiana;* that he left
heirs whose names were unknown. He prayed a decree
for the sale of the land, &c.

No affidavit was annexed to the bill, nor did it allege
that the heirs were non-residents, nor that no adminis-
trator had been appointed on *Whitney's* estate.

Notice by publication in a newspaper, on a return of
"not found" by the sheriff, was given of the pendency of
the suit. Default by the defendants. Creditors, other
than the plaintiff, *Kimball*, were permitted to come in and
prove their claims. Sale of the land decreed, &c.

To this decree it is objected—

1. That the creditors had not obtained judgments upon
their claims before attempting to enforce their collection
by this proceeding.

Where the debtor is not dead, and possesses an equita-
ble interest in real estate, inasmuch as by law the cre-
ditor acquires by judgment, a lien on real estate in which
such debtor has the legal interest, equity, in aid of the
law, carries along the lien, and enforces it against real

Nov. Term, 1853.

THE UNKNOWN HEIRS OF WHITNEY v. KIMBALL.

estate in which the debtor has only such equitable interest. And as, by law, the creditor acquires, by judgment and execution, a lien on the personal property to which the debtor has the legal title, equity enforces such lien on the equitable interest of the debtor in personal property. But it does this only where a judgment, which constitutes the lien at law in the one case, and a judgment and execution in the other, have been obtained.

Where, however, the original debtor is dead, the law is settled in this state, that a judgment, even at law, need not be obtained before going into chancery for the collection of the debt. In *Martin* v. *Densford*, 3 Blackf. 295, the Court say: "It is true that it is a well-settled general principle, that a party cannot apply to a court of equity, if he have a full and complete remedy at common law. To this general and salutary principle there are, however, a few exceptions, one of which is, where the debtor is dead, and the creditor has to proceed against his heirs, executors, or administrators. In such cases, courts of equity have concurrent jurisdiction with courts of law; and the creditor may elect into which court he will go." See, also, *Sweny* v. *Ferguson*, 2 Blackf. 129.—*O'Brien* v. *Coulter*, *id*. 421.—*Kipper* v. *Glancey*, *id*. 356.—*Bryer* v. *Chase*, 8 *id*. 508.

This jurisdiction rests on the ground that executors, administrators and heirs, are, or may be, trustees for creditors, and, hence, are liable to be called to account in chancery. And if, in a given case, a remedy exists at law also, the two jurisdictions are, in such case, concurrent.

2. The second objection is, that *Whitney's* insolvency was not proved.

There is nothing in this objection. Chancery having, as we have seen, jurisdiction in the first instance, and independent of all accidental circumstances, for the collection of the debt, the question of solvency or insolvency could have no influence with the Court in the determination of the cause.

3. It is objected that creditors, other than the plaintiff in the bill, were permitted to come in and prove their

claims. But this bill was filed by the plaintiff expressly in behalf of himself and all other creditors. He did not, even if he could have done so, (a point on which it is not necessary for us now to say anything), claim any preference over other creditors in the payment of his demand. And where a bill is filed by one, or a few, in behalf of all the creditors, all are allowed to come in under the decree, prove their claims, and have them paid in the course of administration. Story's Eq. Pl., p. 125.—*Barton* v. *Bryant*, 2 Ind. R. 189.—*McNaughtin* v. *Lamb*, *id*. 642.

Nov. Term, 1853.

THE UNKNOWN HEIRS OF WHITNEY
v.
KIMBALL.

4. There was no allegation in the bill that an administrator had not been appointed on *Whitney's* estate.

This is a good objection. The bill should have made the administrator or executor, if either existed, a party; and if neither existed, it should have alleged the fact in excuse. The reason is, the personal estate which the executor or administrator represents, is the primary fund out of which debts should be paid.

5. The point is also made, that there is no affidavit to the bill, or in the case, that the names of *Whitney's* heirs were unknown; and it presents a radical defect in the proceedings. The statute of 1852, R. S., 2 vol., p. 36, which is a transcript of that of 1843 upon this subject, (see R. S. of that year, p. 833), enacts that the plaintiff "shall annex to his complaint an affidavit of his want of knowledge of their names, and that their residence is, as he verily believes, not in this state."

This statute must be substantially complied with.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*R. Brackenridge*, for the plaintiffs.

*J. B. Howe*, for the defendant.