May Term,
1859.

LEMASTERS
v.
JOHNSON.

———————

## LEMASTERS and Wife *v.* JOHNSON.

Where there were two plaintiffs, and the record stated that the "plaintiff" excepted, it was *held* that the exception was good—the omission of the final s being a clerical error.

Where a judgment was rendered upon an agreement waiving appraisement laws, and a sale made pursuant thereto, under §§ 3, 4, Acts 1843, p. 52, without appraisement, it was *held* that the Court would presume that the consideration of the agreement arose after *June* 1, 1843; and that the sale was properly made without appraisement.

By that statute, if an execution-defendant was unable to replevy the judgment, he was entitled to have the property sold on a credit of the same length as the stay which he was unable to obtain; but if he neglected to inform the officer of such inability, and failed in any way to claim the right to a sale on credit, it was *held* to be waived.

APPEAL from the *Johnson* Circuit Court.

WORDEN, J.—Complaint by *Lemasters* and wife against *Johnson,* filed at the *September* term, 1856, averring in substance, that on the 18th of *March,* 1847, said *Lemasters* executed to one *John Alexander* his promissory note, waiving appraisement laws, for the sum of —— dollars, and that he and his wife at the same time executed to *Alexander* a mortgage on certain real estate therein described, to secure the payment thereof; that on the 15th day of *September,* 1849, *Alexander* obtained a decree in chancery in said Court against said plaintiffs, for the foreclosure of the mortgage, and the sale of the mortgaged premises, which sale was to be made, as specified in the decree, without

*Thursday,*
*June* 2.

May Term,
1859.

LEMASTERS
v.
JOHNSON.

any relief whatever from valuation or appraisement laws, and as upon judgments at law, which said decree the defendants in said suit (plaintiffs herein), were then and there, and for more than six months after the rendition thereof, continued to be, unable to stay or replevy; that afterwards, viz., on the 9th of *December*, 1849, execution was issued on the decree, and delivered to the sheriff, by virtue of which the sheriff, having duly advertised the premises for sale for cash, proceeded on the 9th of *February*, 1850, to sell said premises, and did, then and there, sell the same at public auction for cash, the same being struck off and sold to said *John Alexander* for the sum of 350 dollars, which purchase-money was then and there paid, and a conveyance made by the sheriff, in pursuance of the sale; that afterwards, on, &c., *Alexander* conveyed the premises to said *Grafton Johnson*, who is now in possession of the premises, and claims title thereto under said purchase; that *Johnson*, at the time of his purchase from *Alexander*, had full notice of the character of *Alexander's* title, and of the irregularities and illegalities of the sheriff's sale; that *Alexander*, on, &c., died testate; that the sheriff's sale is void, having been for cash down, when there should have been given a credit for six months from the rendition of the decree; that said sale was void, having been made without an appraisement, &c.; that before the commencement of this suit, and before the death of *Alexander*, on, &c., the plaintiffs tendered to *Alexander* the purchase-money, &c.

Prayer that the sale and conveyance made by the sheriff be set aside, and for further relief.

To this complaint a demurrer was filed, which was sustained by the Court, to which ruling the plaintiffs excepted, and there was final judgment for the defendant.

The plaintiffs appeal to this Court, and assign for error the sustaining of the demurrer.

A point is made by counsel for appellee, that no sufficient exception appears to have been taken to the ruling below. The record shows that "*the plaintiff*" (in the singular) excepted. It is insisted that, as there were two plaintiffs, it is uncertain which of them excepted, and that

in such uncertainty, the cause should be treated as if no exception had been taken. We do not so regard the matter. We view the omission of the final s, denoting the plural, as a mere clerical omission which should not deprive the plaintiffs, or either of them, of the benefit of their exception.

Does the complaint state facts sufficient to constitute a cause of action?

This question must be answered by reference to the provisions of the statute by which the sale in question is supposed to be rendered illegal.

The second section of an act to require the bank to continue specie payment, &c. (Acts of 1843, p. 52), provides for a stay of execution for a period of six months from the date of judgment, in certain cases, on security being given, and for the sale of property to the highest bidder, without appraisement. The third and fourth sections are as follows:

"Sec. 3. From and after the first day of *June* next, if any person or persons, for a consideration arising wholly after that time, shall agree in writing to pay any sum of money without any relief whatever from valuation or appraisement laws, judgment shall be rendered accordingly, and after the same stay provided in the foregoing section, if sufficient security be given, and if not immediately, property may be taken on execution, and sold as is therein provided.

"Sec. 4. That whenever any person or persons are unable to procure his, her, or their judgment or judgments to be replevied under the provisions of this act, his, her, or their property shall be sold under the same length of credit that he, she, or they would be entitled to stay said judgment, which judgment bond shall be given to the officer effecting the sale, on which execution may issue when due, and property, when levied on to satisfy said bond, shall sell without appraisement, as other property under this act."

The sale in question was properly made without appraisement, as the order of the Court, in that respect, followed the contract, and such order was conclusive that the

consideration arose wholly after the first day of *June*, 1843. *Doe* v. *Craft*, 2 Ind. R. 359.

From what is averred in the complaint, should the property have been sold on a credit?

In our opinion there is not enough alleged in the complaint to show that the property should have been thus sold.

Upon the decree being rendered, the defendants had the right to take the stay of six months, as provided by the law. They did not do it; but it does not, therefore, follow that they were unable to do it; hence, neither the officer having the execution, nor the execution-plaintiff, was required to know whether the defendants' neglect to take the stay, arose from inability or otherwise. Parties frequently neglect to take a stay of execution when they are abundantly able to procure the necessary surety. When the execution issued to the officer, the defendants had a right to stay it in his hands, by furnishing the necessary security; and if they were unable to do so, and desired the property to be sold on a credit equal to the stay, they should have informed him of that fact, and requested the sale to be made accordingly. By being entirely passive, and not making known to the officer their inability to stay the execution, and not, in any manner, claiming their right to have the property sold on a credit, we think such right was waived.

The complaint simply avers the inability of the parties to take the stay, without showing that the plaintiff in the judgment, or the officer having the execution, was apprised of that fact; or that the defendants took any steps to avail themselves of their right to have the property sold on a credit, and, in this respect, it is fatally defective.

Other objections to the complaint are urged, but as the foregoing is decisive, it is unnecessary to notice them.

*Per Curiam.*—The judgment is affirmed with costs.

*G. M. Overstreet* and *A. B. Hunter*, for the appellants.

*D. M'Donald*, *F. M. Finch*, and *A. G. Porter*, for the appellee.