KIMBALL
v.
WHITNEY.

*Monday,
December* 10.

*A. L. Robinson* and *C. Baker*, for appellee.

---

KIMBALL and Others *v.* WHITNEY and Others.

A plea of the statute of limitations, filed on the first calling of the cause, after the complaint, to which it was pleaded, was filed, should not be rejected, as having been filed too late.

A statute limiting an action upon "a specialty or any agreement, contract, or promise in writing," does not embrace a judgment; and a plea, setting up such a statute to an action founded upon a judgment, is wholly irrelevant, and may properly be rejected on motion.

Upon the death of one of two joint debtors, the creditor has the right to collect his claim at law, from the survivor, or, at his option, to proceed in equity against the estate of the deceased.

A neglect to pursue the surviving debtor until he becomes bankrupt, or for any particular period of time, so long as the claim is not barred by the statute of limitations, can not affect the right of the creditor to make his claim out of the estate of the deceased joint debtor.

A promissory note might, under the old system of practice, be equitably assigned, without indorsement, so as to vest the equitable interest in the assignee, and entitle him to proceed upon it in equity; and by our present statute he can, in such case, sue in his own name.

Possession of a promissory note is *prima facie* evidence of ownership, and *prima facie* entitles the holder to payment.

The motion for a new trial was entitled "*Kimball* v. *Whitney*," and proceeds: "the plaintiff moves the Court," &c.

*Held*, that as it sufficiently appears from the reasons assigned in the motion, that it was intended to be made on behalf of all the plaintiffs, the Court will so regard it.

A judgment in the Court below may be reversed as to part of the appellants, and affirmed as to others.

In a proceeding in chancery, by creditors, to subject assets to the payment of their respective claims, if the assets be insufficient to pay the claims in full, they must be applied ratably to all the creditors establishing their claims.

APPEAL from the *La Grange* Circuit Court.

WORDEN, J.—Bill in chancery filed by *Kimball*, on behalf of himself and such others as might come in and make themselves parties, against the heirs of *Michael T. Whitney*, deceased. The case has once before been in this Court, when a decree obtained below was reversed. *The unknown heirs of Whitney* v. *Kimball*, 4 Ind. 546.

When the cause was remanded to the Court below, the pleadings were amended, and new parties came in as plaintiffs. The object of the suit was to reach some property which belonged to *Michael T. Whitney*, in his lifetime, and now in the hands of his heirs, and apply it to the satisfaction of claims due the plaintiffs from said *Michael T. Whitney* and *Horace Thatcher*, the latter of whom had become bankrupt. No letters of administration had been taken out upon the estate of *Whitney*, deceased.

*Henry P.*, and *Charles Corlies* came in under the bill, and set up a claim in their favor, on a judgment rendered against *Whitney* and *Thatcher* in the Court of Common Pleas of *Lucas* county, *Ohio*.

Nov. Term,
1860.

KIMBALL
v.
WHITNEY.

*Monday,*
*December* 10.

Nov. Term,
1860.

KIMBALL
v.
WHITNEY.

*Samuel L. Collins* also set up a claim upon a note made by *Thatcher* and *Whitney*, payable to *S. L. Collins & Co.*, for $984 $\frac{36}{100}$, dated *July* 21, 1837, and alleged to have been sold and transferred by *S. L. Collins & Co.*, to said *Samuel L. Collins.*

*Alfred, William H.*, and *Edward Willis*, also set up a claim in their favor, upon a judgment recovered by them against *Whitney* and *Thatcher*, in the Court of Common Pleas of *Lucas* county, *Ohio*, on *April* 30, 1838.

The defendants, heirs of *Michael T. Whitney*, deceased, appeared and answered. The cause was tried by a jury, who found for the defendants, except as to the claim of the *Willises*, and for them the amount of their claim. The plaintiff moved for a new trial, but the motion was overruled, and judgment entered on the verdict.

The plaintiffs below appeal, and assign errors upon the rulings of the Court below, and the appellees assign cross errors in respect to the claim of the *Willises.*

The cross errors thus assigned may be first disposed of. It appears that the defendants pleaded the statute of limitations of the State of *Ohio* to the claims set up, and that on motion of the plaintiffs, the plea, was rejected and stricken from the files, on the ground that it was filed too late. The bill of exceptions shows the plea to have been filed at the first calling of the cause after the complaint, to which it was pleaded, was filed. This ruling can not be sustained. As to *Collins*, to whose claim the plea was applicable, the ruling should be set aside. Whether as to his claim the plea was valid, we, of course, do not decide. The claim of the *Willises*, we have seen, was founded upon a judgment, and the plea filed was wholly inapplicable to the case made by them. It sets out a statute of *Ohio*, which limits an action upon "a specialty, or any agreement, contract, or promise in writing," to fifteen years, but contains no limitation of actions upon judgments.

The term "specialty," employed in the statute, does not embrace a judgment. Says *Blackstone*: "A debt of *record* is a sum of money which appears to be due by the evidence of a Court of record." "Debts by *specialty*, or special contract, are such whereby a sum of money becomes, or is

acknowledged to be, due, by deed or instrument under seal." 2 Black. Com. 465.

The plea filed being wholly irrelevant to the case made by the *Willises*, as to them it might be properly rejected on motion. *Evans* v. *Shoemaker*, 2 Blackf. 237. In respect to the claim of the *Willises*, the rejection of the plea did the defendants no harm, although placed upon wrong ground; therefore the judgment in their favor can not be reversed.

The defendants also insist that the Court below, as a court of equity, had no jurisdiction to hear and determine the matters involved. This point was decided when the case was here before, and we see no good reason for changing the conclusion then arrived at.

We will now turn to the errors assigned by the appellants. These are, that the Court erred in giving and refusing instructions, and in overruling the motion for a new trial. The record informs us, that upon the jury being empanneled and sworn, the plaintiffs, *Kimball* and *Henry P.*, and *Charles Corlies*, withdrew their claims, respectively, from the consideration of the jury; and they offered no evidence. There is, therefore, no ground for reversing the judgment as to them.

On the trial of the cause, as to *Collins* and the *Willises*, the Court gave to the jury the following instructions, to which exception was taken by plaintiffs, viz.: " It was necessary for the plaintiffs to make use of some diligence in pursuing *Thatcher*, the survivor of *Whitney*, and if you find that five years had elapsed after the death of *Whitney*, prior to the bankruptcy of *Thatcher*, it is an inexcusable negligence on the part of the plaintiffs, and may be considered in determining the matters in issue; and you may even consider four years in determining the plaintiffs' right to recover. If the jury find that there is no evidence of assignment of the note of *S. L. Collins & Co.* to the plaintiff, he can not recover."

The first branch of this charge is undoubtedly wrong. We understand the law to be, that upon the death of one of two joint debtors, the creditor has the right to collect his claim, at law, from the survivor; or, at his option, to proceed in equity against the estate of the deceased. *Vide Weyer* and *McKee* v. *Thornburgh*, *ante*, 124. A neglect to pursue the survivor

Nov. Term,  until he became bankrupt, or for any particular period of time,
1860.  so long as the claim is not barred by the statute of limitations,
KIMBALL  can not affect the right of the creditor to make his claim out
v.  of the estate of the deceased joint debtor.
WHITNEY.

If by the latter branch of the charge it was meant, that proof was necessary of an *indorsement* of the note, by the payees to the plaintiff, *Samuel L. Collins*, it was clearly wrong; because the note might be equitably assigned so as to vest the equitable interest in the assignee, whereby he could have sued upon it in equity, and can now, by statute, sue upon it in his own name, without an indorsement. But if the charge meant that there must be proof of a sale and transfer, merely, of the note, we still think it wrong, and calculated to mislead the jury, as the possession of the note by *Collins*, was *prima facie* evidence of ownership, and *prima facie* entitled him to payment thereof. *Bush* v. *Seaton*, 4 Ind. 522.

The appellees insist that there was no motion made by *Collins* for a new trial. The written application for a new trial, stating the reasons therefor, is entitled "*Kimball* v. *Whitney*," and proceeds: "The plaintiff moves the Court," &c. It is claimed that this application shows that *Kimball* only moved for a new trial. The reasons for a new trial, viz: the giving of the charges above set out, show sufficiently that the motion was intended to be made on behalf of *Collins*. One of the charges complained of had reference to his claim only. We think that mere form should give place to substance, and as it is abundantly apparent, from the record, that the written application for a new trial was intended to embrace *Collins*, as one of the movers, we regard the motion as having been made by him. The entitling of the motion, as above set out, was sufficient to designate the case generally in which it was made, without naming the other parties plaintiff, and might be construed to embrace other plaintiffs as well as *Kimball:* and more especially is this the case, the reasons for the new trial being an erroneous charge, in reference to the claim of *Collins* only. We regard as of no essential consequence, the fact that the singular, instead of the plural, is employed in designating the parties making the motion. *Lemasters et ux.* v. *Johnson*, 12 Ind. 385.

We are of opinion that, as to *Kimball*, and *Henry P.*, and *Charles Corlies*, the judgment should be affirmed; there being no ground upon which they can ask a reversal. As to the plaintiff *Collins*, the judgment should be reversed, because of the erroneous charges given. The judgment in favor of the *Willises* should be affirmed, because no error was committed in respect to their claim which injured the defendants. Each of these four claims is separate and independent of the others, and the success or failure of one can not affect the others. They may be regarded as separate suits, for the purpose of affirming or reversing judgments upon them. Under the provisions of the code, we think it clear that the judgment of this Court may be rendered as above indicated. The *Willises*, who succeeded in obtaining judgment, can not, to be sure, exhaust the property to the exclusion of those who may yet establish their claims; but that property, if insufficient to pay the whole, must be applied ratably to all the creditors establishing their claims. *Barton* v. *Bryant*, 2 Ind. 189; *Butler* v. *Jaffray*, 12 Ind. 504. The Court below can make such order in the premises as will secure a just distribution amongst the respective creditors.

*Per Curiam.*—The judgment, as to *Collins*, is reversed, with costs, with leave to the defendants to plead; otherwise, it is affirmed, at the costs of the other appellants.

*J. B. Howe*, for appellants.
*A. Ellison*, for appellees.

(1.) Counsel for appellants cited the following authorities: *Hamersly* v. *Lambert*, 2 Johns. Ch. R. 509; *Devaynes* v. *Noble*, 1 Mer. R. 529; 2 Russ. & Mylne, 495; Story's Eq. Jur., § 676.

(2.) Counsel for appellees: Equity will not aid a creditor to subject the real estate of an intestate, where the heirs and representatives are non-residents, and where no letters of administration have been taken out in this State. The creditor has a complete remedy at law. *Bustard* v. *Dabney*, 4 Ohio, (Ham.) 68.