Parshall v. Moody.

PARSHALL v. MOODY *et al.*

1. **Parties:** ADMINISTRATOR: SUBSTITUTION. If, pending an action against a married woman, for the collection of a debt and its enforcement against her estate, she dies, her administrator becomes a necessary party defendant, who should be substituted, and against whom the action survives.

2. —— EQUITABLE RELIEF. If the action was in the nature of a creditor's bill, or if it sought upon any equitable ground to subject her real estate to the payment of the claim, the administrator would still be a proper, if not a necessary, party.

3. —— ADMINISTRATOR: APPOINTMENT: PRESUMPTION. If the record does not disclose whether an administrator has been appointed, it will not be presumed that no appointment was made. But if none,

Parshall v. Moody.

a plaintiff may have it done for the purpose of providing a proper party defendant to his action.

4. —— NON-JOINDER: OBJECTION WHEN MADE: EFFECT OF. An objection of non-joinder, on the ground that heirs were made parties when the administrator should have been, when made for the first time in the Supreme Court, will not operate to dismiss the petition, but to remand the cause.

5. Practice: FAILURE TO EXCEPT. An objection, that a cause was improperly transferred to the chancery docket, cannot be urged in the Supreme Court, when no exception was taken to the order of transfer.

*Appeal from Lucas District Court.*

THURSDAY, APRIL 16.

THIS suit was originally brought at law in attachment, against John B. Moody and Mary A. Moody. It appears from the record, that the original court files were lost, at some date not given, and that, by order of court, the parties were required to file substituted papers. This was done May 10, 1867, and the pleadings thus filed are substantially of the following character:

The petition avers that defendants, John B. and Mary A. Moody, on the        day of        , 1858, entered into a contract with plaintiff for the purchase of certain lands in Lucas county, setting out the description thereof, and undertook, in payment therefor, to convey to plaintiff a certain lot in the city of Baltimore, of the value of $2,000, and a certain stock of goods in the city of Cincinnati; that the plaintiff executed to defendant Mary A. Moody a deed for the lands in Lucas county, and the defendants executed to plaintiff a deed for the Baltimore lot, but plaintiff, in the language of the petition, "obtained no title thereto by virtue of said deed from defendants;" that defendant Mary A. Moody paid plaintiff nothing for the Lucas county lands conveyed to her by plaintiff, "at the request of John B. Moody, as a con-

sideration for the Baltimore lot, which Mary A. Moody pretended to own and convey to plaintiff;" and that, by reason of defendants' failing to convey to plaintiff said lot, "he has been damaged to the amount of $3,000;" that defendants are non-residents, and John B. Moody is insolvent. The petition concludes with a prayer for a writ of attachment against the defendants' property, and for a judgment for $3,000, and, in the language of the petition, "that the lands so held and owned by Mary A. Moody be subjected to the payment of the judgment of petitioner, and that he may have such other and further relief as in equity and good conscience he may require." An amended petition is filed, making Harriet B., Edward R., Charles W. and Eleanor R. Moody, defendants as heirs at law of Mary A. Moody (her death having been suggested and the suggestion entered of record), and asking the same relief against them as is prayed for in the original petition. These are substantially the pleadings of plaintiff.

The defendants, John B. and Mary A., answered the original petition separately. Mary A. answers in these words: "That, at the time of making said contract, she was a married woman, and hence, not liable for damages. She denies that she ever made or entered into any contract with plaintiff." It is not necessary, for the purposes of this opinion, to give the substance of the answer of John B. Moody, further than to state that it alleges a sufficient defense to the action. The heirs of Mary A., after their substitution as defendants, also answer, setting up a sufficient defense.

The court, on motion of plaintiff, transferred the cause to the chancery docket. It appears to have been tried by the first method, and a decree entered November 5, 1866, finding briefly and in these words, "the equity with the plaintiff," and decreeing that plaintiff recover

of John B. Moody the sum of $2,213$\frac{25}{100}$, and, in the language of the decree, " that the lands attached " (describing them as in the petition) " be subject to the payment of said sum, interest and costs, and that the same be sold and the proceeds thereof applied to the said payment of said debt."

From this decree defendants appeal.

*Stuart Brothers* and *Jordan & Jordan* for the appellants.

*J. W. Wilkinson* for the appellee.

BECK, J. — We will not undertake to determine whether the petition attempts to charge the heirs of Mary A. Moody as liable on the contract of warranty in the deed made by her and John B. Moody, for the Bothmore lot, or on the original contract of sale, or for fraud in the transaction. It is a difficult matter to determine just what the cause of action is, and it is not important for the proper decision of this case. Neither can we determine, considering the petition and argument together, whether the plaintiff seeks a judgment against the heirs for the amount sued for, or, as to them, the action is in the nature of a creditor's bill, seeking to hold the lands, the title of which is in them, subject to John B. Moody's debt, or whether it seeks on equitable grounds, inasmuch as the lands have never been paid for, to subject them to the judgment for the purchase-money. For the purpose of this decision, it is not necessary to determine these questions.

Mary A. Moody held the title to the lands, and was made a party to this suit, which aimed to subject the lands to a certain debt, either of John B. Moody and herself, or of John B. Moody alone. At her death, pending the suit, whatever was its object, or the actual cause

of action of the petition, the suit did not abate, but could have been continued against her legal representatives. Laws of Ninth General Assembly (1862), ch. 174, § 4.

I. Who are the necessary parties that should have been substituted at the death of Mary A. Moody? If the debt was against her, and is attempted to be enforced against her estate, the administrator of her estate is the necessary party, who should have been substituted, and against whom the action survived. *Postlewait and Creagan* v. *Howes et al.*, 3 Iowa, 377; *Reynolds* v. *May*, 4 G. Greene, 286; *The Unknown Heirs of Whitney* v. *Kimball*, 4 Ind. 549.

*1. Parties: administrator: substitution.*

II. If the action, being a chancery proceeding, is to be considered in the nature of a creditor's bill, or upon any equitable grounds it seeks to subject the lands of the estate of Mary A. Moody to plaintiff's claim against John B. Moody, the administrator is a proper, if not a necessary, party. Courts of equity, as a general rule, require all persons materially interested in the subject-matter of the suit, either legally or beneficially, to be made parties, either as plaintiffs or defendants. Story's Eq. Pl., § 72; 2 Story's Eq. Jur., § 1526.

*2. —— equitable relief.*

III. It does not appear, from the record, whether an administrator of the estate of Mary A. Moody has or has not been appointed. We cannot presume, that there is no administrator. *Postlewait & Creagan* v. *Howes et al.*, 3 Clark, 377; *The Unknown Heirs of Whitney* v. *Kimball*, 4 Ind. 549. In case an administrator has not been appointed it is competent for the plaintiff to have it done and thus provide a necessary or proper party for his suit.

*3. —— administrator: appointment: presumption.*

IV. If the view we have suggested, that the cause of action is a claim against the estate of the deceased and

Parshall v. Moody.

4. —— non-joinder: objection when made: effect of. John B. Moody, be correct, and the administrator, therefore, a necessary party, the objection of the non-joinder, though well taken, was first made in this court. This error, therefore, will not operate to dismiss the petition, but to remand the cause to the court below for further proceedings. *Kriechbaum* v. *Bridges & Powers*, 1 Iowa, 14; *Postlewait et al.* v. *Howes et al.*, 3 id. 381.

V. The other questions in the case need not be determined. It will be proper, however, to remark, that, 5. PRACTICE: failure to except. although it may well be doubted whether the petition contains a statement of such an equitable cause of action, that it was properly transferred to the chancery docket, yet, that objection cannot now be made in this court, no exception having been made at the time, to the order transferring the cause to the chancery side of the court (Revision, §§ 2611, 2619).

In view of the fact, that the petition is unintelligible in respect to the cause of action, grounds of relief and nature of remedy required, as well as on account of the errors above pointed out, the cause is reversed and remanded for a new trial, with direction that the parties plead anew, and that the plaintiff make the necessary parties defendants.

Without determining who may be necessary parties, in all possible shapes the case may take upon new pleadings, we may suggest, that the safer course in practice, the one which will most certainly terminate litigation and secure adequate relief, in equitable actions, is to make all persons defendants, that the law recognizes to be proper parties, on account of interest in the subject-matter of the action.

Reversed.