## PROVIDENCE COUNTY.

MERCHANTS' NATIONAL BANK *vs.* WALTER PAINE, 3D, *et als.*

A. absconded in debt leaving no legal assets which could be attached, so that a judgment at law could not be obtained against him.

*Held*, that his creditors could at once proceed in equity against his equitabl eassets to satisfy their legal claims.

*Held*, further, that if such claims appeared specially fit for legal cognizance or specially unfit for equitable, the equity court would submit them to a jury on issues framed for that purpose.

The rule requiring the exhaustion of legal remedies before chancery will take jurisdiction of a legal debt rests on two reasons: *first*, that a judgment and execution returned unsatisfied are the best evidences of the debt; *second*, that legal tribunals should adjudicate legal claims. The first reason fails when legal process is impossible; the second is satisfied by a jury trial of issues from chancery.

BILL IN EQUITY to establish a claim to equitable assets. On demurrer to the bill. The facts are succinctly stated in the opinion of the court.

*James Tillinghast* in support of the demurrer.

The general principle is too well settled to require citation of authority, and is understood to be conceded by the complainant, that ordinarily a legal creditor coming into equity, to reach equitable assets of his debtor, must allege and show a judgment at law with execution returned *nulla bona* and unsatisfied. In other words, he must show that he has entirely exhausted his remedy at law. *Smith* v. *Millett*, 12 R. I. 59; Freeman on Executions, § 427 *et sq.*

But it is claimed that the case made by this bill forms an exception to this rule; and the question now is whether, if such an exception has ever been recognized elsewhere, it is to be engrafted upon the system and practice of this State. The courts of some States have refused to recognize any such exception. *Ballou* v. *Jones*, 20 N. Y. Supreme Ct. 629; *Reese* v. *Bradford*, 13 Ala. 837; *Sanders & McLaughlin* v. *Watson*, 14 Ala. 198; *Smith* v. *Moore*, 35 Ala. 76. See *Smitherman* v. *Allen*, 6 Jones Eq. 17.

*Charles Hart, Thomas C. Greene & John F. Lonsdale*, *contra*.

*February* 11, 1882. DURFEE, C. J. The bill alleges that Walter Paine, 3d, one of the defendants, is indebted to the complainant by promissory note in the sum of five thousand dollars and interest, and seeks to obtain payment thereof out of certain equitable interests, which came to him under the will of his father, and which he is alleged to have conveyed to one of his co-defendants for the purpose of defeating the claims of the complainant. The bill also alleges that between the making and maturity of the note said Paine absconded, so that he cannot be found either in this State or in Massachusetts, the State of his domicile, and that he has left no property in this State which the complainant can attach and thereby secure service in any action to recover judgment against him, and that the complainant has exhausted all its remedies at law. The defendant demurs to the bill on the ground that it does not appear by the bill that the claim of the complainant has ever been reduced to judgment at law, or that execution has ever been sued out thereon.

The question is whether a suit in equity can be maintained to enforce payment of a purely legal claim out of equitable assets before the claim has gone to judgment and execution at law. The counsel for the complainant admit that as a rule it cannot; but they contend that the only reason why it cannot is because a court of equity will not interpose until the creditor has exhausted his remedies at law, and because the best evidence that he has exhausted them is a judgment, when recoverable, with execution sued out thereon and returned unsatisfied for want of property. And they also contend that, when this evidence cannot be procured because the debtor is absent or has absconded, leaving no attachable estate, the court will proceed without it upon other satisfactory proof. They cite a Kentucky case in which this view is fully sustained by judicial decision. *Scott* v. *McMillen*, 1 Litt. 302. They also cite cases which contain favorable *dicta*, some of which appear to have been expressed after careful consideration. *Russell* v. *Clark's Executors*, 7 Cranch, 69, 89; *Miller* v. *Davidson*, 8 Ill. 518, 522; *Greenway* v. *Thomas*, 14 Ill. 271; *Anderson* v. *Bradford*, 5 J. J. Marsh. 69; *Meux* v. *Anthony*, 11 Ark. 411, 418. They cite other cases which hold that a judgment creditor may resort to equity before execution when, the debtor being in-

solvent, the execution would manifestly be of no avail. *Turner* v. *Adams*, 46 Mo. 95, 99; *McDermutt* v. *Strong*, 4 Johns. Ch. 687, 689. And they cite a New York case in which the court expressed itself strongly in support of the jurisdiction, in favor of a creditor who was prosecuting a judgment recovered in another State. *McCartney* v. *Bostwick*, 32 N. Y. 53.

Besides these cases, cited by counsel, we have found other cases which emphatically support the same view, cases, indeed, from which it appears that the jurisdiction contended for has been unequivocally affirmed in Kentucky, Virginia, Indiana, South Carolina, and Missouri. *Scott* v. *McMillen, supra; Peay* v. *Morrison's Executors*, 10 Gratt. 149; *Kipper* v. *Glancey*, 2 Blackf. 356; *O'Brien* v. *Coulter*, 2 Blackf. 421; *Farrar* v. *Haselden*, 9 Rich. Eq. 331; *Pendleton* v. *Perkins*, 49 Mo. 565. In the last cited case the court, after reviewing the other cases, say, p. 568: "It seems thus to be satisfactorily settled upon authority that when the debtor has absconded, so that no personal judgment can be obtained against him, and there is no statutory proceeding by which his property can be reached, a creditor's bill will lie, in the first instance, and from the necessity of the case. It is analogous to a proceeding to subject the equities of a deceased debtor, or to satisfy a debt from a specific equitable fund, as to enforce a lien, in neither of which cases is a personal judgment required."

If it were true that the only reason for the rule is the exhaustion of legal remedies, we should not hesitate at all to assert the jurisdiction, for very clearly where no legal remedy exists, none can be exhausted, and the reason for the rule would cease, and with the reason the rule itself. "*Cessante ratione legis, cessat ipsa lex.*" There is, however, another reason for the rule, namely, that a court of law is the proper tribunal not only to afford a remedy for legal claims, but also to adjudicate them. It seems to be well settled, however, that a creditor may proceed in equity without first getting judgment at law, if his debtor be dead. And if he can so proceed, if his debtor be dead, there can be no insuperable reason against his so proceeding while his debtor is alive. *Thompson* v. *Brown et al.* 4 Johns. Ch. 619; *O'Brien* v. *Coulter*, 2 Blackf. 421; *Steere* v. *Hoagland*, 39 Ill. 264; *The Unknown Heirs of Whitney* v. *Kimball*, 4 Ind. 546; *Thorp* v. *Feltz, Administrator*, 6 B. Mon. 6; *Everingham* v. *Vander-*

*bilt,* 19 N. Y. Supreme Court, 75; *Offutt* v. *King,* 1 McArthur, 312. If the claim be óne that is peculiarly fit for legal, or peculiarly unfit for equitable cognizance, issues can be framed for jury trial. The jurisdiction ought to be, if it can be, upheld, since without it a debtor may have valuable property and yet escape the payment of his debts. Our conclusion is, so far as this point is concerned, that the suit can be maintained.

NOTE. — The demurrer filed in this case raised other points of law which were neither presented to the court, nor considered by it in the hearing which preceded the above opinion.