## Dorcas B. Gardner *vs.* Susan C. Gardner.

A., who had an action at law pending against an administratrix for services rendered to the intestate, filed a bill in equity in support of her action against the administratrix, who was also second wife and widow of the intestate, praying that certain lands deeded by the intestate to the respondent, and certain funds transferred by him to her, which conveyances were charged to have been made under undue influence exerted by the respondent, might be subjected to A.'s anticipated judgment. Pending the action at law, and before the bill was filed, the administratrix represented the estate insolvent, and a commission was appointed, but A. did not prove her claim before it.

On demurrer to the bill:

*Held*, that the bill would lie.

A. was not obliged to discontinue her action and prove her claim before the commission. By pursuing her action she merely assumed the risk of a judgment limited to the surplus of the estate, or of no judgment in her favor if there was no surplus.

A. was not obliged to obtain judgment at law, and an execution returned *nulla bona* before proceeding in equity, as her debtor was dead, and hence the general rule did not apply.

A. could have the amount of her claim settled either by issues before a jury, or by prosecuting her action so far as to determine whether she be a creditor, and to what amount.

*Estes v. Howland*, 15 R. I. 127, affirmed. The creditor, not the administratrix, is the

proper complainant to set aside conveyances by the intestate in fraud of his creditors. In the case at bar the respondent administratrix was charged to be the fraudulent grantee. The duty of an administrator, as such, does not require him to inventory personalty conveyed by the intestate in fraud of creditors.

BILL IN EQUITY to annul conveyances of realty and to compel an administratrix to inventory certain personalty. On demurrer to the bill.

*Providence, June* 25, 1892. MATTESON, C. J. The complainant brought her action at law against the respondent, as administratrix on the estate of Jabez C. Gardner, deceased, on a claim against him for money expended and services rendered in his household, prior to his death. The action was entered at the September Term, 1885, of this court, and is still pending. The defendant, in answer to the suit, pleaded, *first*, the statute of limitations; *second*, that she had fully administered the estate of the deceased, except as to goods and chattels of the value of $191.26; and, *third*, the general issue. The plaintiff replied to the first two pleas, and issue has been joined upon them, and also upon the third plea. September 5, 1885, after the bringing of the suit, the estate of the deceased was represented insolvent, and the Probate Court of Westerly thereupon appointed commissioners on the estate to receive and examine the claims of creditors, and allowed six months for the presentation of claims to the commissioners. The commissioners duly qualified and rendered their report to the court, which was received and allowed April 5, 1886. The plaintiff did not present her claim to the commissioners, and it was, therefore, neither allowed nor disallowed, nor mentioned in their report. In this state of affairs, the complainant filed this bill in aid of her suit at law, and alleges in it, among other things, that she is a creditor of the estate of the deceased, and states the nature of her claim; that she is a daughter of the deceased, whose first wife was her mother; that, after the decease of her mother, the said Jabez married the respondent; that October 1, 1881, said Jabez, being weak and of unsound mind, and being coerced by the respondent, then his wife, and by reason of undue influence exercised upon him by her, conveyed to one Solomon Burdick certain real estate, described in the bill, of the value of $1,500, for the purpose of having it conveyed to her; and that said Burdick, on October 12, 1881,

conveyed the same to her; that on October 11, 1881, the said Jabez, being in the condition of mind stated, and being coerced and unduly influenced by the respondent, transferred to her certain savings bank deposits, in the bill mentioned, aggregating $1,006; that the complainant was wholly ignorant of such conveyances and transfers until after the decease of her father, and that they were made upon no other consideration than that of love and affection of the said Jabez for the respondent; that the real estate so conveyed and the savings bank deposits so transferred comprised all of the estate of the deceased except that embraced in the inventory returned by the respondent as administratrix, amounting to $305.71; that the inventory so returned did not include the savings bank deposits so transferred. The bill avers that said conveyances and transfers are null and void as against the complainant, and prays, substantially, that the respondent may be decreed to inventory the deposits in the savings banks, or the money collected therefrom in her possession and control, as part of the estate of the deceased, so that the same and said real estate may be made subject to any judgment that the complainant shall recover in her action at law, or may be applied to the payment of such judgment in some proper manner, and that the conveyances of the real estate aforesaid may be declared null and void as against such judgment; that the respondent may be enjoined from pressing said action at law to trial until the determination of this suit; and for general relief.

The respondent demurs to the bill. She contends that the complainant should have discontinued her action at law when the estate was represented insolvent, and commissioners had been appointed to receive and examine claims of creditors, and that, had she done so, and her claim been wholly or in part disallowed, she could have had it determined at common law, as provided by Pub. Stat. R. I. cap. 186, § 12; that, having failed so to do, equity will not grant her relief; that a court of equity is not a proper *forum* to try the question of the value of the services which largely constitute the complainant's claim; that the rule is well established that a creditor, in order to reach equitable assets, must first obtain a judgment at law.

Pub. Stat. R. I. cap. 186, § 18, provides that "all actions

brought against any executor or administrator before the estate is represented insolvent . . . shall be continued until it shall appear whether the said estate is insolvent or not, and if found insolvent the proceedings shall be conducted as above provided," that is, by proving the claim before the commissioners or at common law in accordance with §§ 12–17 of said chapter 186.[1]  Section 19 of the

[1] Pub. Stat. R. I. cap. 186, §§ 12–20, are as follows : —

SECT. 12.  Notwithstanding the report of the commissioners, any creditor whose claim is wholly or in part rejected may have the same determined at common law, in case he shall give notice thereof, in writing, in the office of the clerk of the Probate Court within forty days, and bring and prosecute his action within sixty days after such report shall be received.

SECT. 13.  In case any one or more creditors of or persons entitled to distribution in any estate represented insolvent shall be dissatisfied with the allowance by the commissioners of any claim against such estate, such creditor or creditors, person or persons, entitled as aforesaid, may appeal from the judgment of such commissioners in respect of such claim to the Supreme Court in the same county, in the same manner, on the same conditions, and with like effect as is provided by law in case of other appeals from the orders, determinations, or decrees of Courts of Probate.

SECT. 14.  The judgment, of the Supreme Court respecting such claim shall ascertain the amount of the same to be added to or deducted from the report of the commissioners, as the case may be ; the costs of the appeal shall be awarded by the court against either party, or divided between them, as justice may require, and execution therefor shall issue accordingly.

SECT. 15.  In case the executor or administrator shall be dissatisfied with the claim of any creditor allowed by the commissioners, and shall give notice thereof in the office of the clerk of the Probate Court, and also to the creditor, within forty days as aforesaid, such claim shall, by the Court of Probate, be stricken out of the report of the commissioners, in which case the claimant may, within sixty days after notice thereof, bring his action at common law, in the same manner, upon the same conditions, and with like effect, as if his claim had been wholly or in part rejected by the commissioners.

SECT. 16.  Whenever a claim shall be settled in the course of the common law as aforesaid, execution shall not issue as in common cases, but the amount so ascertained shall be the amount of the claim, and be added or deducted from the report of the commissioners, as the case may require.

SECT. 17.  No action brought against any executor or administrator, after the estate shall be represented insolvent, shall be sustained, except for debts due the United States and necessary funeral charges of the deceased, for attendance and medicine in the last sickness, for debts due to this State, and for all state and town taxes, unless the executor or administrator, having objection to the claim upon which such action shall be brought, shall consent to have the

same chapter provides that "if any creditor shall not prove his claim to the commissioners within the time of their commission or at common law in the manner provided by this chapter, he shall be forever barred of his action therefor against the executor or administrator, unless there shall be estate remaining in the hands of such executor or administrator upon the settlement of his account with the Court of Probate, after deducting the amount of the claims allowed by the commissioners from the amount of the estate of the testator or intestate remaining in the hands of such executor or administrator to be applied to the payment of the debts of the testator or intestate." Under § 18 it will be observed that it is not the representation of the estate as insolvent, but the *fact* of its insolvency, which determines the right to maintain the suit. See *dictum* of Ames, C. J., in *Irons, Administratrix,* v. *Irons,* 5 R. I. 268. If the estate proves not to be insolvent the creditor may proceed with his suit; if it proves insolvent, then, under § 19, he is barred from recovery except as to the surplus remaining in the hands of the executor or administrator after deducting the

same settled by course of law, in which case the judgment of the court shall determine the said claim, which, with the taxed costs, shall be reported by the commissioners as the amount thereof.

SECT. 18. All actions brought against any executor or administrator before the estate is represented insolvent, or against the testator or intestate in his lifetime which shall survive, and in which the executor or administrator being cited shall appear, shall be continued until it shall appear whether the said estate is insolvent or not, and if found insolvent the proceedings shall be conducted as above provided.

SECT. 19. If any creditor shall not prove his claim to the commissioners within the time of their commission or at common law in the manner provided by this chapter, he shall be forever barred of his action therefor against the executor or administrator, unless there shall be estate remaining in the hands of such executor or administrator upon the settlement of his account with the Court of Probate, after deducting the amount of the claims allowed by the commissioners from the amount of the estate of the testator or intestate remaining in the hands of such executor or administrator to be applied to the payment of the debts of the testator or intestate.

SECT. 20. The pendency of any commission as aforesaid shall be no bar to any action against the executor or administrator as aforesaid after the expiration of two years from the time letters testamentary or of administration were granted.

amount of the claims allowed by the commissioners, or added to their report, as provided by §§ 14, 16 of said chapter, from the amount of the estate remaining in the hands of the executor or administrator to be applied to the payment of the debts, and if there be no surplus the suit is wholly barred. We do not think, therefore, that the complainant was bound to discontinue her suit and present her claim to the commissioners because the estate had been represented insolvent, but that she had her election either to do so, or to have it continued until it was determined whether or not the estate was in fact insolvent; by electing not to proceed before the commissioners she took the risk, however, of having any judgment she might recover in the suit limited to the surplus remaining in the hands of the administratrix, or of having the suit barred if there should be no such surplus.

Nor do we think that the complainant is precluded from maintaining her bill because she has not obtained a judgment at law; for though it is a general rule that a creditor must first obtain a judgment at law, and have the execution issued thereon returned unsatisfied, before a resort to equity for the purpose of reaching equitable assets for the payment of his claim, the rule is not without its exceptions, and one of these is, that if the debtor be dead the creditor may proceed in equity without first getting judgment at law. *Merchants' National Bank* v. *Paine*, 13 R. I. 592, 594; *Thompson* v. *Brown*, 4 Johns. Ch. 619; *O'Brien* v. *Coulter*, 2 Blackf. 421; *Steere* v. *Hoagland*, 39 Ill. 264; *The Unknown Heirs of Whitney* v. *Kimball*, 4 Ind. 546; *Tharp* v. *Feltz's Administrator*, 6 B. Mon. 6; *Everingham* v. *Vanderbilt*, 19 N. Y. Supreme Ct. 75; *Offutt* v. *King et al.* 1 McArthur, 312. If the plaintiff were required to proceed to judgment with her action at law, any judgment she might recover would be limited, as we have seen, to the amount remaining in the hands of the administratrix, which the plea states to be $191.26, notwithstanding the fact, as she claims, that there are assets which should equitably be applied to the payment of her claim sufficient to satisfy a much larger judgment, should it be obtained.

The respondent's objection that a court of equity is an improper forum in which to try the question of the value of the services rendered by the complainant, of which her claim is largely made

up, is met by the suggestion in *Merchants' National Bank* v. *Paine*, 13 R. I. 595, that, if the claim be one that is peculiarly fit for legal or peculiarly unfit for equitable cognizance, issues can be framed for a jury trial on the law side of the court; in the present case the action at law might be proceeded with so far as to determine whether or not the plaintiff is a creditor of the estate, and, if so, to what amount.

The respondent contends that the administratrix is the proper person to institute proceedings to set aside fraudulent conveyances, especially conveyances of personal property. The bill, however, charges the respondent, who is the administratrix, to be the person guilty of the fraudulent acts complained of, and, if she were not, it was held in *Estes* v. *Howland*, 15 R. I. 127, that an administrator in this State cannot maintain a suit to recover property conveyed by the deceased, though the conveyance may have been in fraud of creditors and the property may be needed to pay debts of the deceased, but that the proper parties to act in such case are the creditors who have been defrauded.

Counsel for the respondent also contends that it was her duty as administratrix to inventory the savings bank deposits if they had been fraudulently transferred, and that, if she neglected to do so, she could and would have been removed from the execution of the trust upon a proper application to the Court of Probate. We do not think this view is correct. In *Estes* v. *Howland*, 15 R. I. 127, 128, the court says: "We have come to the conclusion that it is not the duty of an administrator under our statute to do more, in respect of the personal estate, than to administer the assets which he is required to inventory, namely, 'the goods, chattels, rights, and credits of the deceased,' which in our opinion do not include goods, chattels, rights, and credits which the deceased has conveyed away in fraud of his creditors ; and that, in respect of real estate, it is his duty, if the personal assets are deficient, to obtain leave to sell as much of the real estate left by the deceased, not including the real estate conveyed away by him in fraud of his creditors, as is necessary to make up the deficiency ; and that in these respects the power of the administrator is only commensurate with his duty." Moreover, a Court of Probate is a tribunal not

adapted for the investigation and trial of cases concerning the fraudulent conveyance of property. *Demurrer overruled.*

*Albert B. Crafts*, for complainant.

*Charles Perrin*, for respondent.