## NIBLACK, ADMINISTRATOR, v. GOODMAN.

DECEDENTS' ESTATES.—*Amendment of Claim, on Appointment of New Administrator.—Supreme Court.—Practice.—* Upon the appointment of a successor to a former administrator of an estate against which a complaint is pending, the complaint should be amended by striking out the name of the former administrator, and inserting the name of his successor ; but if the latter appear to the action, without objecting to the complaint on that ground, the Supreme Court will deem such amendment to have been made.

STATUTE OF LIMITATIONS.—*Judgment not a Contract.—Section 211 Construed.—*A judgment is neither a contract, nor in the nature of a contract, within the meaning of the word " contracts," as it is used in clause 5, section 211, of the practice act, limiting actions "Upon contracts in writing" to twenty years.

SAME.—*New Acknowledgment or Promise.—Section 220 Construed.—*Section 220 of the practice act, providing that "No acknowledgment or promise shall be evidence of a new or continuing contract whereby to take a case out of the operation of the" statute of limitations, "unless * in * writing," etc., contemplates only actions upon contracts, and does not apply to actions upon judgments.

SAME.—*Deed of Assignment for Benefit of Creditors.—*A deed of assignment by a debtor, for the benefit of his creditors, to a third person, constituting the latter his assignee and directing the assignee to pay his debts, is not an " acknowledgment or promise," within the meaning of said section 220.

SAME.—*Requisites of " Acknowledgment or Promise."—*The " acknowledgment or promise " sufficient to take a case out of the statute of limitations must be in writing, signed by the debtor, and to the creditor or his agent.

SAME.—*Acknowledgment or Promise to pay Judgment Invalid.—*No " agreement or promise " will take a judgment out of the operation of the statute of limitations.

SAME.—*Argumentative Reply in Denial rejected on Motion.—Harmless Ruling on Demurrer.—Practice.—*When the statute of limitations is pleaded in bar of an action, a reply alleging that the action was commenced before the expiration of the time limited amounts only to an argumentative denial, and, if the general denial be also replied, may be rejected on motion, and the sustaining of a demurrer thereto is harmless.

SAME.—*Action against Administrator and Another struck from Issue Docket. —Refiling of, on Appearance Docket, a New Action.—Civil Action.—Claim. —Continuation of Action.—Commencement of Action.—Appearance.—* After the death of a judgment debtor, and within twenty years after the rendition of the judgment, a joint complaint against his administrator and an assignee for the benefit of his creditors, founded on the judg-

Niblack, Administrator, *v.* Goodman.

ment, was filed by the creditor with the clerk of a circuit court, by whom it was placed upon the *issue* docket, but no summons was issued until after the expiration of the twenty years. Afterward, on the motion of the administrator, the cause was struck from the docket by an order of the court which gave leave to the "plaintiff to file his claim herein against the estate of said" decedent, and to "have the same entered upon the *appearance* docket." Subsequently, the creditor filed the same complaint, with the name of the defendant assignee struck out, upon the appearance docket, and, it not having been allowed, it was transferred to the issue docket, whereupon the administrator, more than twenty-one years and six months after the date of the judgment, appeared voluntarily, and pleaded the statute of limitations.

*Held*, that the joint action was a civil action, was not commenced until process issued therein, and was finally disposed of by the order striking it from the docket.

*Held*, also, that the filing of the complaint upon the appearance docket was not a continuation of the first action, but was a new action, and was not commenced until the appearance of the administrator thereto, and was barred by the statute of limitations.

DECEDENTS' ESTATES.—*Case Overruled.—Void Amendment.*—The case of *Langdon* v. *Applegate*, 5 Ind. 327, holding that, to be valid, amendments of a section of a statute must set out, not only the section as amended, but the section to be amended, was overruled by the case of *The Greencastle, etc., Turnpike Co.* v. *The State, ex rel.*, 28 Ind. 382, which holds that it is sufficient to set out the section in full, as amended.

SAME.—*Amendment of Statutes.—Sections* 65 *and* 66.—*Amendatory Acts of* 1853 *and* 1855.—*Repealing Act of* 1867.—*Revival of Original Sections.*—Sections 6 and 7 of the act of March 4th, 1853, Acts 1853, p. 49, amending sections 65 and 66 of the act of June 17th, 1852, 2 R. S. 1852, p. 261, providing for the settlement of decedents' estate, were valid ; and therefore sections 1 and 2 of the act of February 20th, 1855, Acts 1855, p. 81, attempting to amend said sections 65 and 66 of said act of June 17th, 1852, were invalid ; but the act of March 9th, 1867, 1 R. S. 1876, p. 941, repealing all statutes not conforming to the overruled case of *Langdon* v. *Applegate, supra*, repealed said sections 6 and 7 of the act of March 4th, 1853, and thereby revived said sections 65 and 66 as enacted in said act of June 17th, 1852.

SAME.—*Act of* 1877, *as to Repeal of Repealing Act, not Retroactive.*—The act of March 12th, 1877, Acts 1877, Spec. Sess., p. 73, enacting that the repeal of a repealing act shall not revive the original act, is not retroactive as to the act of March 9th, 1867, *supra*.

SAME.—*Claim.—Joinder of Parties Defendants Unauthorized.*—The law does not authorize the joinder of third persons as parties defendants, in claims filed against a decedent's estate.

STATUTE OF LIMITATIONS.—*Absence from State.*—*Section* 216 *Construed.*— *Residence.*—*Process.*—If a debtor, though personally absent from the State, so maintains his residence within the State, as that process may be served upon him, he is not "absent" within the meaning of that clause of section 216 of the practice act, providing that "The time during which the defendant is a non-resident of the State, or absent on public business, shall not be computed in any of the periods of limitation."

DECEDENTS' ESTATES.—*Amendment of Statutes.*—*Validity of.*—*Act of* 1877.—The act of March 13th, 1877, Acts 1877, Spec. Sess., p. 37, attempting to amend said section 66 of the decedents' estates act, as attempted to be amended by said section 2 of said act of February 20th, 1855, is illegal and void.

SAME.—*Evidence without Plea.*—*Parties may Plead Specially.*—Though, under section 66 of the decedents' estates act, "all matters of valid defence, except set-off, may be given in evidence without any special plea," on the trial of a claim against an estate, yet, if the defendant elects to plead specially, the sustaining of a demurrer to a plea stating a good defence is available error.

SAME.—*System of Practice.*—Though said sections 1 and 2 of said act of Feb. 20th, 1855, *supra*, are unconstitutional, the system of practice thereunder is valid.

From the Knox Circuit Court.

*F. W. Viehe* and *R. G. Evans*, for appellant.

*J. C. Denny, C. S. Denny, G. G. Reily* and *W. C. Johnson*, for appellee.

Howk, J.—On the 3d day of March, 1876, the appellee, Charles Goodman, filed a claim against the estate of Albert G. Sloo, deceased, in the court below, which said claim was based upon the following complaint to wit:

"STATE OF INDIANA,
"KNOX COUNTY,  } ss:   IN THE KNOX CIRCUIT COURT, February Term, 1875.

"Charles Goodman complains of Harriet Sloo, administratrix of the estate of Albert G. Sloo, deceased, and says that heretofore, to wit, on the 20th day of January, 1855, the said plaintiff obtained a judgment against the said Albert G. Sloo, deceased, in the Supreme Court of the county of New York, in the State of New York, for the sum of thirty-one thousand three hundred and forty-four and $\frac{44}{100}$ dollars ($31,344.44), a copy of which judgment is filed

and made a part hereof, marked 'B'; that the principal and the interest accrued thereon are now due and unpaid, amounting to the sum of $68,957.70. And the plaintiff now files this his said claim against said administratrix, and asks that the same may be allowed as a claim against said estate, in the hands of said administratrix, and for all other proper relief."

The exhibit "B," filed with this complaint, was apparently a copy of certain entries from a judgment docket. It contained the names of the parties to the judgment, plaintiff and defendant, the names of the plaintiff's attorneys, the date and the amount of the judgment, and nothing more. To this copy there was appended what purported to be the certificate of the clerk of the county of New York, dated January 2d, 1875, to the effect that it was "a correct transcript from the docket of judgments," kept in his office, of a judgment rendered in the Supreme Court of the State of New York, for said county.

The first entry in the record of this cause, after setting out the above complaint and exhibit, was made at the September term, 1877, of the court below, when the case was entitled in the name of the appellee against the appellant, William E. Niblack, administrator *de bonis non* of the estate of Albert G. Sloo, deceased, with the will annexed.

The appellant, Niblack, then filed his answer, in three paragraphs, in substance as follows:

1. A general denial;

2. That the judgment described in the appellee's complaint was fully paid and satisfied before the commencement of this suit; and,

3. That the cause of action mentioned in said complaint did not accrue within twenty years before the commencement of this action, and this suit was not commenced within eighteen months after the death of said decedent.

To the second and third paragraphs of this answer, the appellee replied by a general denial; and to the third paragraph the appellee further replied in two affirmative or special paragraphs, numbered respectively 2 and 3. To the second and third paragraphs of appellee's reply, the appellant demurred, for the alleged insufficiency of the facts therein respectively to constitute valid replies to the third paragraph of his answer. These demurrers were severally overruled by the court, and to each of these decisions the appellant excepted.

The issues joined were tried by the court without a jury, and a finding was made for the appellee, against the appellant, in the sum cf $75,226.50. The appellant's motion for a new trial was overruled, and to this ruling he excepted, and thereupon it was adjudged by the court that the appellant, out of the assets of said estate in his hands to be administered, and in due course of administration, do pay the appellee the amount of the said finding, from which said judgment this appeal is now here prosecuted.

In this court the appellant has assigned, as errors, the following decisions of the circuit court :

" 1.  The complaint does not state facts sufficient to constitute a cause of action ;

" 2.  The court erred in overruling the demurrer to the amended second paragraph of plaintiff's reply to the third paragraph of defendant's answer ;

" 3.  The court erred in overruling the demurrer to the amended third paragraph of plaintiff's reply to the third paragraph of defendant's answer ;

" 4.  The court erred in overruling appellant's motion for a new trial."

We will consider and decide the questions presented by these alleged errors, in the order of their assignment.

1.  The first error assigned by the appellant calls in question the sufficiency of the appellee's complaint, as a

cause of action against the appellant, after issues of fact and law have been joined thereon, and the trial of those issues and the finding of the court thereon. It may be conceded that the complaint was informal, and would have been, perhaps, technically insufficient, if it had been objected to in the proper mode and at the proper time. It was apparently prepared before the appellant assumed the duties and trusts of his administration, against his predecessor in the trust. When the appellant appeared as defendant to the appellee's action, the complaint ought to have been amended by striking out the name of Harriet Sloo, and inserting the name of the appellant, in his representative character, as the defendant therein. This was a mere formal amendment, which might have been made at any time in the court below, upon the motion of either party, and in this court it will be regarded as having been made.

The appellee's cause of action, as stated in his complaint, was a claim against the estate of Albert G. Sloo, deceased; and if the legal representative of the decedent attended in court, and made all necessary defence to the claim, it was a matter of little importance, whether the name of such representative was or was not mentioned in the " succinct statement of the nature and amount " of the claim, required by section 62 of the decedents' estates act. 2 R. S. 1876, p. 512. We think the complaint stated facts sufficient to constitute a cause of action against the estate of said decedent, and that the appellant's objection thereto, in this court, is not well taken.

2. In the second paragraph of his reply to the third paragraph of the appellant's answer, the appellee alleged, in substance, that on the 2d day of April, 1860, the said decedent, by his certain instrument of writing, a copy of which was filed with and made part of said reply, then and there and thereby admitted that he did owe and was indebted to the appellee, for and on account of said

judgment as stated in the complaint, and then and there acknowledged the same as a continuing obligation, and then and thereby provided that his said assignees should pay said judgment out of the property therein assigned and transferred to them; but the appellee said that the said assignees did not pay said judgment, or any part thereof, but that the same was still unpaid.

In the third paragraph of his answer, as we have seen, the appellant set up, in bar of the appellee's action, the limitation mentioned in the fifth clause of section 211 of the practice act, wherein it is provided that "The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:    *    *    *    *    *    *

" *Fifth.* Upon contracts in writing, judgments of a court of record, and for the recovery of the possession of real estate—within twenty years." 2 R. S. 1876, pp. 122, 124.

To meet the requirements of section 217 of the code, and to show that the appellee's action was not commenced within the time limited in that section, it was further alleged in said third paragraph, that the suit was not commenced within eighteen months after the death of the decedent. 2 R. S. 1876, p. 127.

The second paragraph of the appellee's reply was evidently prepared with the view of obviating the defence set up in the third paragraph of the answer, under and by force of the provisions of section 220 of the practice act. 2 R. S. 1876, p. 128. This section reads as follows:

" Sec. 220. No acknowledgment or promise shall be evidence of a new or continuing contract whereby to take the case out of the operations of the provisions of this chapter [article], unless the same be contained in some writing, signed by the party to be charged thereby."

It will be observed that the provisions of this section are

wholly negative in their character. It defines what shall not be evidence of a new or continuing contract; but it does not declare in terms what shall be evidence of such contract. It seems to us, however, that by implication, and perhaps by fair construction, this section provides, that an acknowledgment or promise, contained in some writing signed by the party to be charged thereby, shall be evidence of a new or continuing contract, by which a case upon contract may be taken without the operation of the statute of limitations. We say a case upon contract, because the words " new or continuing contract," as used in this section, necessarily imply the existence of an old or prior contract, upon which the " case " is founded, which old contract has been renewed or continued by an acknowledgment or promise, contained in some writing signed by the party to be charged thereby. The question presented for our decision, by the alleged error of the court below, in overruling the appellant's demurrer to the second paragraph of the appellee's reply, is this: Is a judgment a contract, or in the nature of a contract, in such manner and to such an extent that an acknowledgment or promise, properly made in relation thereto, will be evidence of a new or continuing contract, by which a case founded on such judgment will be taken out of the operation of the statute of limitations? It seems to us, that this question must be answered in the negative.

We are aware, that the decisions of the different courts of last resort, in the different States in the United States, are not in harmony on the question, as to whether a judgment is or is not a contract or in the nature of a contract. But, in this State, it would seem that the question is not an open one. For, in the case of *Kimball* v. *Whitney*, 15 Ind. 280, some of the parties to the record had sued upon a judgment recovered by them in the State of Ohio; and to this suit the defendants had pleaded a statute of Ohio,

which limited an action upon "a specialty, or any agreement, contract, or promise in writing," to fifteen years, but contained no limitation, in terms, of actions upon judgments. It was held by this court, that a judgment was not included or embraced in any of the terms used in the statute, and that, for this reason, the plea of the statute was wholly irrelevant and inapplicable to the suit upon the judgment, and might be properly rejected on motion. It is clear also, we think, from the phraseology of the fifth clause, above quoted, of section 211 of the practice act, that a judgment is not a contract, or in the nature of a contract, within the purview and meaning of the statute. For, if a judgment had been a contract within the intent and meaning of the law, the Legislature would hardly have provided, as they have, a limitation of actions upon both " contracts in writing" and "judgments of a court of record." It seems to us, therefore, that the provisions of sections 220, above quoted, are not and can not be made applicable to a suit upon a judgment, so as to take the case out of the operation of the statute of limitations. *King* v. *Manville*, 29 Ind. 134.

The acknowledgment of the appellant's testator, counted upon by the appellee, in the second paragraph of his reply, as sufficient to take this case out of the operation of the statute of limitations, was contained in a general assignment in writing, executed by the testator, in his lifetime, to Benjamin H. Cheever and James Wiles, of all the estate, property and effects, of every kind and description and wheresoever situate, of and belonging to him, for the benefit of his creditors. This assignment was dated on the 3d day of February, 1860; and it was stipulated therein, among other things, that the said Cheever and Wiles, out of the proceeds of the assigned property, should pay the judgment sued on by the appellee in this action. It contained an acknowledgment of the existence of the appel-

lee's judgment, within twenty years before the commencement of this suit; and it may be reasonably inferred from the terms of the assignment, that the judgment was then unpaid. The assignees, Cheever and Wiles, were directed to pay the judgment out of the proceeds of the assigned property; but there was nothing in the assignment which could be fairly construed to be a promise or contract by the assignor, the appellant's testator, that he would pay the judgment. The appellee was not a party to the contract of assignment; and it can not be said, therefore, that the acknowledgment of the judgment, contained in the written assignment, was made by appellant's testator either to the appellee or to his agent.

If it were conceded, therefore, that an acknowledgment or promise, made by a judgment debtor in relation to the judgment, and contained in some writing signed by him, would be such evidence as would take a suit upon the judgment without the operation of the statute of limitations, a point which we need not and do not decide in this case, we are clearly of the opinion that such acknowledgment or promise would not be sufficient evidence for that purpose, in any case, unless it was made to the judgment creditor, or to his agent. An acknowledgment or promise, whenever and wherever applicable, will not be available in any case, as it seems to us, to take a suit otherwise barred by the statute of limitations, without the operation of the statute, when such acknowledgment or promise has not been made to the creditor or to his agent. Story Con., sec. 1430; *Keener* v. *Crull*, 19 Ill. 189; *Kyle* v. *Wells*, 17 Pa. State, 286; *Sibert* v. *Wilder*, 16 Kan. 176; *McKinney* v. *Snyder*, 78 Pa. State, 497.

In our opinion, therefore, the acknowledgment of the judgment, relied upon by the appellee in the second paragraph of his reply, was not sufficient to take his case out of the operation of the statute of limitations; and for this

reason we think that the court erred in overruling the appellant's demurrer to this paragraph of reply.

3.    The third error complained of by the appellant is the decision of the court in overruling his demurrer to the third paragraph of the reply to the third paragraph of his answer.    In the third paragraph of his reply, the appellee alleged, in substance, that on the 11th day of January, 1875, Harriet Sloo was the administratrix of the estate of said Albert G. Sloo, deceased, and that the said estate was then pending in said court for settlement; that on the day last named the appellee filed the said claim in the office of the clerk of said court, for the purpose of having the same allowed by the court against said estate, and within twenty years next after the rendition of said judgment; and that, after the filing of said claim in the office of the clerk, the said Harriet Sloo died, and the appellant, William E. Niblack, was appointed and qualified as administrator of the estate of said decedent, and had since been and then was the administrator of said estate.

It will be seen that the allegations of this third paragraph of reply were nothing more, in legal effect, than an argumentative denial of the third paragraph of the appellant's answer, which set up the statute of limitations. With a general denial already pleaded to the third paragraph of answer, in the first paragraph of reply, it seems to us that this third paragraph of reply might have been properly rejected on motion; but we do not think that the court erred in overruling the demurrer to this third paragraph.

4.    Having reached the conclusion that the court erred in overruling the appellant's demurrer to the second paragraph of the reply, which error must necessarily reverse the judgment of the court below and result in a new trial of the cause, it is unnecessary, perhaps, for us to consider or decide any of the questions presented by the

fourth alleged error, the overruling of the appellant's mo-
tion for a new trial of this cause. There is one question,
however, presented by this error, which it may not be im-
proper for us to consider and decide now, as it may have an
important bearing on the proper decision of the cause, on
a new trial thereof. That question is, when was this ac-
tion commenced? The record of the cause, in this court,
shows that the action was commenced on the 3d day of
March, 1876, or more than twenty years after the rendition
of the judgment sued on ; while the appellee has alleged,
as we have seen, in the third paragraph of his answer, that
the action was commenced on the 11th day of January,
1875, or within twenty years after the rendition of the
judgment. In regard to this question, there would seem
to be no controversy between the parties as to the facts of
the case ; but the controversy is, as to the legal effect of
those facts, and the law applicable thereto.

On the 11th day of January, 1875, the appellee, by his
attorneys, filed a complaint, in the court below, of which
the following is a copy:

"STATE OF INDIANA, ⎱ ss:  IN THE KNOX CIRCUIT COURT,
"KNOX COUNTY,    ⎰      February Term, 1875.

"Charles Goodman complains of Harriet Sloo, adminis-
tratrix of the estate of Albert G. Sloo, deceased, *and James
Wiles and ——— Cheever, assignees of said Albert G. Sloo,*
and says that heretofore, to wit, on the 20th day of Jan-
uary, 1855, the said plaintiff obtained a judgment against
the said Albert G. Sloo, deceased, in the Supreme Court of
the county of New York, in the State of New York, for
the sum of thirty-one thousand three hundred and forty-
four $\frac{44}{100}$ dollars, a copy of which judgment is filed and
made part hereof, marked 'B'; that the principal and
the interest accrued thereon are due and unpaid, amounting
to the sum of $68,957.76; and the plaintiff now files this
his said claim against said administratrix *and said assignees,*

and asks that the same may be allowed as a claim against said estate, *either* in the hands of said administratrix *or in the hands of said assignees*, and for all other and proper relief."

This complaint was signed by the attorneys of the plaintiff, the appellee; and the case was apparently entered at once upon the issue docket of the court, for issue and trial. It does not appear, that, at the time of the filing of this complaint, any summons was issued thereon for the defendants therein named to appear and answer the complaint; but the record of this cause shows, that, in that action, at the February term, 1875, of the court below, to wit, on the 8th day of February, 1875, the following order was made and entered by the court, upon its order book, to wit:

" Charles Goodman
             *v.*              Civil Action.           No. 869.
" Harriet Sloo, Administratrix, etc., *et al.*

" Comes now the plaintiff, by Denny & Denny, his attorneys, and on motion this cause is continued for process."

The record of this cause further shows that, at the ensuing May term, 1875, of the court below, to wit, on the 6th day of May, 1875, another order was made and entered by the court, upon its order book, in that action, which order was in the words and figures following, to wit:

" Charles Goodman
             *v.*              Civil Action.           No. 869.
" Harriet Sloo, Administratrix of
" Albert G. Sloo, deceased, *et al.*

" Comes the plaintiff, by Denny & Denny and Reily & Johnson, his attorneys, and shows to the court, by due proof, that said defendant Harriet Sloo, administratrix of the estate of Albert G. Sloo, deceased, has been duly summoned herein more than ten days before the first day of the present term of this court, and thereupon said defendant Harriet appears by F. W. Viehe, her attorney, and

moves the court to strike this cause from the docket, and day is given."

Two days afterward, on the 8th day of May, 1875, and at the same term of the court, an order was made by the court, in that action, and entered upon the order book, as shown by the record of this cause. This order was as follows:

" Charles Goodman  
         *v.*      Civil Action.  
" Harriet Sloo, Administratrix of     No. 869.  
" Albert G. Sloo, deceased,  
" James Wiles, —— Cheever.

" Come now the plaintiff and the defendant Harriet Sloo, administratrix of the estate of Albert G. Sloo, deceased, by their attorneys, and the court, being sufficiently advised on the motion of said defendant Harriet to strike this cause from the docket, sustains said motion, and this cause is now by the court ordered stricken from the docket, at plaintiff's costs, and leave is given plaintiff to file his claim herein against the estate of said Albert G. Sloo, deceased, and have the same entered upon the appearance docket of this court."

It would seem, that the appellee did not attempt to avail himself of the leave asked for and granted in the last order of the court above quoted, for nearly ten months after it was made and entered, or until the 3d day of March, 1876. The record of this cause shows, that, on the day last named, the appellee took his complaint in his original action, and having erased or struck out therefrom the names of " James Wiles and —— Cheever," as defendants therein, and every thing relating to them either in the body of the complaint or in the prayer for relief, he caused the same to be entered upon the appearance docket of the court, as a claim against the estate of Albert G. Sloo, deceased. In the copy of this complaint, set out in this opinion, we have italicized those portions of it which

were thus stricken out by the appellee, at the time the complaint was used for the commencement of this suit.

This claim, not having been admitted on the appearance docket by either the executrix or administrator of the decedent, was transferred to the issue docket of the court for issue and trial, and became the foundation of the case now before us.

It is claimed by appellee's counsel, as we understand them, that the case at bar is the same case as the suit against the administratrix of Albert G. Sloo, and Wiles and Cheever, assignees, etc.; which latter suit, as we have seen, was stricken from the docket some ten months before this case was commenced. The original suit was properly placed upon the issue docket; and it can not be correctly said that the suit was commenced, until a summons had been issued on the appellee's complaint, or after the 8th day of February, 1875. This suit was finally disposed of by the order of the court, on the 8th day of May, 1875. But the case now before us, in any view of it, can not be said to have been commenced, until it was placed on the appearance docket, on the 3d day of March, 1876, as a claim against the decedent's estate; and certainly not, unless we first declare that certain amended sections of the act providing for the settlement of decedents' estates, which have been recognized and practised upon by the courts of this State for nearly a quarter of a century, are invalid and absolutely void. This is what the appellee's counsel ask us to do, in this case, in reference to those amended sections of the statute in question, which prescribe the mode in which suits may be instituted and prosecuted against a decedent's estate, on claims against the decedent. The sections referred to are the amended sections 65 and 66 "of an act providing for the settlement of decedents' estates," etc., approved June 17th, 1852. By an act approved March 4th, 1853, the Legislature attempted to

amend each one of these two sections; but, under the construction given by this court to the 21st section of article 4, of the constitution of this State, of 1851, in the case of *Langdon* v. *Applegate*, 5 Ind. 327, decided at the November term, 1854, the amendments were illegal and void, for the reason that the original sections were not set out in the amendatory act.   For thirteen years thereafter, and until the case of *The Greencastle Southern Turnpike Co.* v. *The State, ex rel.*, 28 Ind. 382, was decided by this court, at its November term, 1867, this construction of the requirements of the constitution, in relation to the revision and amendment of acts or sections, was recognized and approved as the true and correct construction, not only by the courts, but by the General Assemblies of the State, which convened from time to time.

Accordingly, the General Assembly of 1855, evidently considering the amendatory act of March 4th, 1853, as absolutely null and void, again amended sections 65 and 66 of the original act, by an act approved February 20th, 1855, in which latter act the original sections and the amended sections were both set out, as required by the construction given to the 21st section of article 4 of the constitution, by this court, in *Langdon* v. *Applegate, supra*. Acts 1855, p. 81.   These amended sections were set out in the body of the decedents' estates act, in the Revised Statutes of Indiana, as published by Gavin & Hord, 2 G. & H. 503, and in the Statutes of Indiana, as published by Davis, 2 R. S. 1876, p. 515.   Since the enactment of these amended sections, in 1855, they have always been regarded by the courts of this State as the law regulating the institution and prosecution of suits against decedents' estates, on claims against decedents; and in connection therewith, and in the construction thereof, a system of practice has grown up and become established, which, we think, ought not to be lightly changed.

In the case of *The Greencastle Southern Turnpike Co.* v. *The State, supra,* this court construed the 21st section of article 4 of the constitution, to require only that the amended section "shall be set forth and published at full length," in the amendatory act; and this is now the recognized and accepted construction of the constitutional provision in question. Of course, the general effect of this later decision of this court was to give vitality and force to such amendatory enactments as had, before that time, been regarded as inoperative and void by reason of the fact that the original section had not been set out at length therein. Recognizing this general effect, the Legislature, by an act approved March 9th, 1867, repealed all laws theretofore passed, not in conformity with the decision of this court in the case of *Langdon* v. *Applegate, supra.* 1 R. S. 1876, p. 941. This act repealed the amendatory act of March 4th, 1853, before referred to. This repeal, under the decisions of this court, revived the original sections 65 and 66 of the act of June 17th, 1852, providing for the settlement of decedents' estates, and these original sections are now in full force as the law of this State, on the subject-matter thereof.

We are of the opinion that the case now before us was not commenced by the appellee, at least until he had caused his claim to be entered on the appearance docket.

We do not now consider the other questions arising under the alleged error of the court, in overruling the appellant's motion for a new trial, as those questions depend to some extent upon the evidence, and the cause will probably be re-tried.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the demurrer to the second paragraph of the reply, and for further proceedings in accordance with this opinion.

NOTE.—NIBLACK, J., being a party to this cause, was absent during its consideration.

Niblack, Administrator, *v.* Goodman.

## ON PETITION FOR A REHEARING.

Howk, J.—After this cause was decided by this court, at the last term thereof, and within the time allowed by law, the appellee filed and presented an earnest petition for a rehearing of the case, and an able and exhaustive brief in support of his petition. The petition has not been and will not be granted, but the cause has been fully reheard, and by oral arguments, continuing through several days, and by elaborate briefs and additional briefs, the learned counsel of the respective parties have fully presented and discussed every material question involved in the record of this action.

From the arguments and briefs of counsel, we are advised that it is the wish of both the parties to this suit, that this court should consider, pass upon and decide each and all the questions arising in or presented by the record of this cause. This we will endeavor to do ; but we may properly remark, *in limine,* that we adhere to the original opinion, filed in this cause on the 24th day of June, 1879, at the last term of this court, and to the views expressed therein, save as the same may be modified in this opinion. We may further remark at the outset, that, in considering the several questions in this case, we shall not be governed by the order adopted by the appellant in his assignment of errors, but we will take up and decide these questions, in their chronological order, that is, in the order of time in which they apparently or probably originated.

1. The first question which presents itself for decision in regard to this case is this : When was this suit commenced? In considering this question in our original opinion in this case, we have said, "there would seem to be no controversy between the parties as to the facts of the case ; but the controversy is, as to the legal effect of those facts, and the law applicable thereto." It appears from

the record of this cause, that on the 11th day of January, 1875, Charles Goodman filed in the court below, for its February term, 1875, a complaint against the administratrix and the assignees, naming them, respectively, of Albert G. Sloo, deceased, counting upon the same judgment which is sued on in this action. When this complaint was filed, as we have seen, the case was apparently placed at once upon the issue docket of the court, for issue and trial.

The action had upon this complaint and the final disposition thereof have already been fully stated, and need not be repeated. After some delay, the appellee took the same complaint, and, having struck out and erased therefrom the names of said assignees and all matters relating to them, on the 3d day of March, 1876, caused the same to be entered upon the appearance docket of the court. That action of the appellee was the origin and commencement of this suit, as we have already shown, if sections 65 and 66 of the act providing for the settlement of decedents' estates, approved June 17th, 1852, as amended by an act approved February 20th, 1855, were legal and valid enactments.

But if, as the appellee's counsel insist, these amended sections, under the decisions of this court, were illegal and void enactments, as attempted amendments of sections which had at the time been amended out of existence by an act approved March 4th, 1853, and if, as counsel claim, by force of the repealing act approved March 9th, 1867, Acts 1867, p. 204, the amended sections of March 4th, 1853, were repealed, and sections 65 and 66, as originally enacted in the act of June 17th, 1852, were revived and are now in force, as the only law of this State on the subject-matter of those two sections, then the question still remains for decision : When was this suit commenced ?

It is claimed by the appellee's attorneys that, under the original sections 65 and 66 of the act of June 17th, 1852,

for the settlement of decedents' estates, the complaint filed by Charles Goodman, in the court below, against the administratrix and the assignees of Albert G. Sloo, de-, ceased, must be regarded as a pending claim or suit against the decedent's estate, from the time of the filing of said complaint, on the 11th day of January, 1875 ; and that, notwithstanding the action had on said complaint by the court and the parties, it continued to be a pending suit, and was and is this suit, against said decedent's estate.

It seems to us that this claim or position of the appellee's counsel can not be maintained. It is very clear, we think, that neither the appellee nor his attorneys were governed, nor did they intend to be governed, either in the institution or prosecution of their original suit against the administratrix and the assignees of the decedent, or in the institution or prosecution of this suit against the administrator alone of said decedent, by any of the provisions of the original sections 65 and 66 of the decedents' estates act. This is manifest throughout the record, as it seems to us, down to and during the trial of the cause. Indeed, the record clearly shows that this suit was commenced, prosecuted and finally tried, under and in accordance with the provisions of the amended sections 65 and 66, as they were attempted to be amended in and by the act of February 20th, 1855.

It is claimed by the appellee, and such was the testimony of one of his attorneys on the trial of this cause, that when his complaint against the administratrix and assignees of the decedent was filed in the court below, the clerk thereof was directed by his attorneys to enter said complaint as a claim against the decedent's estate, upon the appearance docket of the court. The record fails to show that this was done, but on the contrary it does show that the complaint was placed upon the issue docket as a civil action, and not as a claim, for issue and trial.

Whatever may have been the original instructions of the appellee or of his counsel to the clerk in regard to said complaint, the record shows that the appellee adopted the action of the clerk in placing the case upon the issue docket, and continued the cause for the service of process on the defendants named in said complaint. After process had been served in the suit then pending, on the administratrix of said Albert G. Sloo, deceased, she appeared fully therein by her counsel, and moved the court to strike the cause from the docket, which motion was sustained by the court, and the cause was stricken from the docket.

That action of the court was, we think, an end of that case for all purposes; and it can make no possible difference what law was in force. The appellee's suit or complaint was not and could not be, either under the original sections 65 and 66, or the attempted amendments thereof, a pending suit or claim against the decedent's estate, until it had been renewed and commenced again in some form. The record fails to show that any steps were taken, under any law, either by the appellee or by any one else, to get the administrator of the decedent before the court to answer the amended claim or complaint of the appellee, until he procured the same to be entered on the appearance docket of the court, on the 3d day of March, 1876. Even then there was no attempt on the part of the appellee, or of his attorneys, or of any one else, to institute this suit or to prosecute it, under and in accordance with the provisions and requirements of the original sections 65 and 66 of the decedents' estates act. So that, if these original sections 65 and 66 must be regarded as the law of this State in full force on the subject-matter thereof, and if the amended sections 65 and 66 of the act of February 20th, 1855, which have been acted upon and recognized as law by all the courts of this State for nearly twenty-five years, must be regarded as we think they must, under the decision of this

court, as illegal and void, still it is certain, as it seems to us from the record of this cause, that the appellee never commenced, nor intended to commence, his suit against the decedent's estate, under and in accordance with the requirements of said original sections. It follows, therefore, that this suit was not commenced, and was not a pending action against the appellant, or his decedent's estate, from aught that appears in the record of this cause, until by his voluntary appearance therein at the September term, 1877, of the court, the appellant appeared to and answered the appellee's complaint.

That part of the original opinion in this case, in which we declared that the amended sections 65 and 66 of the act of February 20th, 1855, as the same appeared in 2 G. & H. 503, and in 2 R. S. 1876, p. 515, must be received and regarded as a part of the law of this State, until changed by legislative action, is absolutely and unconditionally withdrawn, and we now hold, in conformity with the previous decisions of this court where the like question was presented, that these amended sections, as attempted amendments of sections which at the time had no existence, were and are illegal, invalid and utterly void. *The Board, etc., of Clay County* v. *Markle,* 46 Ind. 96 ; *Blakemore* v. *Dolan,* 50 Ind. 194 ; *Ford* v. *Booker,* 53 Ind. 395 ; and *Cowley* v. *The Town of Rushville,* 60 Ind. 327. By force of the act of March 9th, 1867, repealing all laws theretofore passed, not in conformity with the decisions of this court in the case of *Langdon* v. *Applegate,* 5 Ind. 327, the act of March 4th, 1853, amending said sections 65 and 66, as we have seen, was unconditionally repealed ; and the effect of this repeal was to revive and render valid the original sections 65 and 66 of the act providing for the settlement of decedents' estates, just as the same were enacted and approved on the 17th day of June, 1852, 2 R. S. 1852, p. 261. The repealing act of March 9th, 1867, contained an emergency

clause, and took effect and became a law on the day of its approval. It follows, therefore, that since the 9th day of March, 1867, the original sections 65 and 66 of the act of June 17th, 1852, for the settlement of decedents' estates, have been and now are in full force, and the only law of this State on the subject-matter thereof. *Leard* v. *Leard,* 30 Ind. 171 ; *Lindsay* v. *Lindsay,* 47 Ind. 283 ; *Longlois* v. *Longlois,* 48 Ind. 60. This rule, which has been so long recognized and acted upon by this court, that the repeal of a repealing act will operate as a revivor of the original act, has been changed by the provisions of "An act declaring the effect of the repeal of statutes," approved March 12th, 1877 ; but this change will have no effect or bearing upon the statutes considered in this opinion. See Acts 1877, Spec. Sess., p. 73.

2. We adhere to the views expressed, in our original opinion, in regard to the complaint of Charles Goodman against Harriet Sloo, administratrix, and James Wiles and —— Cheever, assignees of Albert G. Sloo, deceased, filed in the court below on the 11th day of January, 1875. We can not regard this complaint thus filed in any other light than as a complaint in a civil action ; for, in that light, it was a proper complaint against all the persons named as defendants therein ; but, in a claim merely against a decedent's estate, the law does not contemplate nor authorize a joinder of other persons, as defendants, with the administrator of the decedent. As a complaint in a civil action, the cause was properly entered at once upon the issue docket of the court by its clerk, for issue and trial, and process was properly issued thereon, upon the appellee's motion, for the defendants named therein. When the court afterward, upon the defendant's motion, struck said cause from the docket, it was an end of the case for all purposes, as it seems to us, unless and until the appellee might thereafter, if he chose, commence another suit upon the

same cause of action. We know of no law, under which it can be said that this complaint of the appellee, against the defendants therein named, after the cause had been struck from the docket of the court, would remain therein as a pending, though dormant or quiescent, cause of action against the decedent's estate, of which the administrator of the decedent was bound to take notice, as a *lis pendens.* We are clearly of the opinion, that after the appellee's suit on his original complaint was struck from the docket, on the defendant's motion, by the order of the court, the appellee had no action pending in said court against the decedent's estate, until he commenced this suit by altering his original complaint, by erasing therefrom the names of all the defendants except the name of the administratrix, thus making it a claim against the decedent's estate, and by causing it to be entered upon the appearance docket as an initiatory step towards getting the case on the issue docket for trial, and finally by the voluntary appearance, apparently, of the appellant in this action.

3. We are asked by the parties to the record to give a construction to the first clause or sentence of section 216 of the practice act. This section was amended by an act approved March 13th, 1875, but only by adding thereto the *proviso* in the section, as it now appears in 2 R. S. 1876, p. 127. The first sentence or clause of this section reads as follows: "The time during which the defendant is a non-resident of the State, or absent on public business, shall not be computed in any of the periods of limitation."

The question is asked, in this case, what is the absence on public business, the time or duration of which shall not be computed in any of the periods of limitation ? It is difficult,—so difficult as to be almost impossible,—to lay down a general rule which shall be applicable to and govern all cases, in regard to the character of the public business, the duration of the absence as to which public business shall not

be counted in any period of limitation. Indeed, it seems to us that it is hardly a case for a general rule; but that, in each particular case, it must be determined from the facts of the case, whether the public business was or was not of such a character as to bring the case within the provisions of the statute. In the case of *Gregg* v. *Matlock*, 31 Ind. 373, it was held by a majority of this court as then constituted, that absence from the State, as a volunteer soldier or officer in the army of the United States, constituted an absence on public business, within the meaning of the statute.

RAY, J., dissenting, said:

" Statutes of limitation are for the repose of debtors. It has been held, that a volunteer soldier or officer in the army of the United States does not lose his residence; he may be sued, and service may be had upon him by copy left at his place of residence."

It seems to us that the absence of the defendant, contemplated in this section of the statute, must be such as would prevent the plaintiff, during its continuance, from enforcing his cause of action by a judgment *in personam*, against the defendant. If the absent defendant maintains his residence in this State, so that such service of process can be had on him by copy, as would authorize the rendition of a personal judgment against him, such defendant can not be said to be " absent," within the meaning of that word as used in section 216 of the code, and the time of such absence of such defendant will be computed in any of the periods of limitation.

In the case at bar, there was evidence introduced on the trial, tending to prove that Albert G. Sloo, deceased, in his lifetime, was the original contractor and half owner of the United States Steam Ship Line from New York to Chagres, a company engaged in carrying the Unites States mails; and that, from the time he took the mail contract

Niblack, Administrator, *v.* Goodman.

till 1858, he was absent from his home in Knox county, Indiana, for long periods of time, looking after his interests in the mail line company. It seems to us, that, in these periods of absence, it can not be said that said Sloo was absent on public business, although the company in which he was so largely interested was engaged in public business. On the contrary, we think, the evidence showed or tended to show, that he was absent looking after his private interests in a company which was engaged in a public enterprise. In our opinion, this absence was not an absence on public business within the meaning of the statute.

4. There remains one other point, which we ought perhaps to consider and decide in this case. It is earnestly insisted by appellee's counsel, that because the statute authorized the trial of a claim against a decedent's estate, such as this suit was, without pleadings or issues, therefore the error of the court in overruling the demurrer to the amended second paragraph of the appellee's reply to the third paragraph of the appellant's answer, was a harmless error, for which the judgment below ought not to be reversed. Upon this point, we have been referred by appellee's counsel to an act approved March 13th, 1877, which was in force at the time of the trial of this cause, and which was intended and was supposed to be an amended section 66 of the act for the settlement of decedents' estates. Acts 1877, Spec. Sess., p. 37. In this act, an attempt was made to amend said section 66, *inter alia,* by adding thereto the following proviso: "*Provided,* That all matters of valid defence, except set-off or counter-claim, may be given in evidence without special plea." This act of March 13th, 1877, was an attempted amendment of said section 66, as amended in and by the aforesaid act of February 20th, 1855, which latter amended section, as we have seen, was illegal, invalid and void. It follows, therefore,

that the amendatory act of March 13th, 1877, is invalid and void; for a valid law can not be enacted by amending an invalid and void law. *Cowley* v. *The Town of Rushville, supra.*

But substantially the same provision will be found in the original section 66 of the decedents' estates act, which original section is, as we have shown, now in force as the law of this State. In said original section 66, the language used on the point under consideration is as follows: "And all matters of valid defence, except a set-off, may be given in evidence without any special plea." It will be seen from this provision, that, except as to a set-off, special pleadings are not required, nor are they prohibited. In such a case, the parties may, if they choose, plead specially; and, if they elect to and do plead specially, they will be bound by their special pleadings and the rulings of the court thereon, to the same extent as if their special pleadings were required by law. This conclusion is in perfect harmony with the practice and pleadings which have been adopted and grown up, in the courts of this State, under the provisions of said sections 65 and 66, as amended by the act of February 20th, 1855, during the last quarter of a century. *Alexander* v. *Alexander*, 48 Ind. 559, and cases there cited. Although we have held in this opinion, that these amended sections 65 and 66, under the act of February 20th, 1855, were illegal and void, yet it does not follow by any means, that the practice and pleadings, in claims against decedents' estates, which have grown up under these amended sections, and been recognized and acted upon by all the courts of this State, ought to be abruptly disturbed and set aside. There is nothing in the original sections 65 and 66, which are now the law of this State, necessarily in conflict with or prohibitory of our conclusion on the point now under consideration.

We adhere firmly to our decision of the main questions

involved in the record of this cause, and our views in relation thereto as expressed in our original opinion, and we have nothing to add thereto.

The petition for a rehearing of this cause is overruled.

NOTE.—NIBLACK, J., being a party to the record, was not present at or during the consideration of the petition for a rehearing in this cause.

Original opinion filed at May Term, 1879.

Opinion overruling petition for a rehearing filed at November Term 1879.