No. 9585.

JENNINGS v. McFADDEN, EXECUTOR.

DECEDENTS' ESTATES. — *Claims.* — *Pleading.* — *Practice.* — *Evidence.* — Under the provisions of the act of February 14th, 1881, concerning the allowance of claims against decedents' estates, Acts 1881, p. 20, where a claim was filed against a decedent's estate, founded upon the decedent's promissory note, payable to a third person, and by him assigned, by endorsement, to the claimant, and the execution of the assignment of the note was not put in issue by a pleading under oath, the assignment was admissible in evidence without proof first made of its execution. It is now different, under sections 364 and 2324, R. S. 1881.

From the Scott Circuit Court.

*C. L. Jewett* and *H. E. Jewett,* for appellant.
*W. K. Marshall* and *J. B. Brown,* for appellee.

HOWK J.—The appellant filed a verified claim or complaint against the estate of John H. McFadden, deceased, of whose last will the appellee was the executor. This claim or complaint counted upon two promissory notes, each of which, the appellant alleged, was executed by said John H. McFadden; was payable to the order of one Sarah D. Jennings, and, by her, assigned by endorsement to the appellant, and was due and unpaid. Afterwards the appellee answered the claim or complaint by a general denial; and to the second paragraph of the complaint he further answered that his decedent, in his lifetime, had fully paid the note therein described to the payee thereof, Sarah D. Jennings, before she assigned the same, and while it was in her possession. The appellant replied to this plea of payment by a general denial. The issues joined were tried by the court, and a finding was made for the appellee; and over appellant's motion for a new trial, and her exception saved, judgment was rendered against her for the appellee's costs.

The only error assigned by the appellant is the overruling of her motion for a new trial. It appears from the bill of exceptions, that, on the trial of the cause, the appellant

proved that the signatures to the notes in suit were the signatures of said John H. McFadden; and then, without objection, she read said notes in evidence.   The bill of exceptions further shows that the appellant then offered to read in evidence the written assignments of said notes to her by said Sarah D. Jennings, endorsed on the notes, and also the appellant's endorsement of one of the notes to one Isaac Miller, and said Miller's re-endorsement of the note back to the appellant, setting out copies of these several endorsements.   The bill of exceptions then proceeds as follows:   "To the introduction of which evidence, and the reading of the said assignments and endorsements, the defendant objected, for the reason that the execution of said assignments and endorsements had not first been proved.   This objection of defendant the court sustained, and refused to allow the plaintiff to read or introduce said endorsements in evidence; to which ruling of the court the plaintiff at the time excepted."

This ruling of the court was assigned as cause for a new trial, in the appellant's motion therefor, and it presents the only question for decision in this case.   Did the trial court err, in refusing to admit in evidence, without proof first made of their execution, the endorsements of the notes in suit?

The case at bar is a claim against a decedent's estate; and it was put at issue, and tried and determined by the court at its June term, 1881.   At that time, the law governing the case was an act approved February 4th, 1881, entitled " An act concerning the allowance of claims against decedents' estates."   An emergency existing, it was declared that this act should be in force from and after its passage.   If this cause had been tried and determined before the taking effect of said act, it would seem to us that the ruling complained of was clearly right.   For, before the passage of this act, the law regulating the allowance of claims against decedents' estates, as this court decided in *Niblack, Adm'r, v. Goodman*, 67 Ind. 174, 195, was the original sections 65 and 66, of the act of June 7th, 1852, providing for the settlement of decedents'

estates. 2 R. S. 1852, p. 261. Under said section 66, the claim was required to be proven, " by other testimony than that of the claimant;" and no special pleas were necessary, " except a set-off."

But section 2 of the above entitled act of February 4th, 1881, in force at the time of the trial of this cause, was a substantial re-enactment of the provisions of the invalid and void act of February 20th, 1855, which was an abortive attempt to amend said section 65 and 66 of the act of June 17th, 1852, providing for the settlement of decedents' estates. The act of February 4th, 1881, was an original act, and did not purport either to amend or to repeal said original sections 65 and 66; but, of course, it operated as a repeal by implication of all prior legislation in conflict therewith. Section 2 of said act provided, in substance, that if the claim against the decedent's estate was not admitted, as therein provided for, " the same shall be transferred to the issue docket of such court, and shall stand for trial at the next term thereof, as other civil actions pending therein." Acts of 1881, p. 20. The language quoted from said section 2 is precisely the same language which was used in the attempted amendment of said section 66, by the aforesaid act of February 20th, 1855. 2 R. S. 1876, p. 515. This language was carefully considered and construed by this court in the case of *Alexander, Adm'r*, v. *Alexander*, 48 Ind. 559. It was there said: " We must, therefore, suppose that the Legislature, by the words ' shall stand for trial at the next term thereof, as other civil actions pending therein,' meant to adopt the mode of trial and method of defence as to claims filed against decedents' estates which prevailed at the time in ' other civil actions,' in that court. Besides claims against decedents' estates, there were no ' other civil actions pending therein,' except such as were governed, in the mode of procedure, by the general practice act. The practice of filing special answers to claims against decedents' estates was adopted at once under the amended section 66 (*Morgan* v. *Squier*, 8

Ind. 511), and has continued the same to the present time." And see the cases there cited.

In section 80 of the code of 1852, it was provided as follows: "Where a writing, purporting to have been executed by one of the parties, is the foundation of, or referred to, in any pleading, it may be read in evidence on the trial of the cause against such party, without proving its execution, unless the execution be denied by affidavit before the commencement of the trial, or unless denied by a pleading under oath." In section 115 of the civil code of 1881, section 80 of the code of 1852 is revised to read as follows: "Where a pleading is founded on a written instrument, or such instrument is therein referred to, or when an assignment in writing of such instrument is specially alleged in a pleading, such instrument or assignment may be read in evidence on the trial of the cause without proving its execution, unless its execution be denied by pleading under oath, or by an affidavit filed with the pleading denying the execution." Section 364, R. S. 1881. The language quoted of this section 115, in so far at least as it relates to the written assignment of a written instrument, which is the foundation of or referred to, in a pleading, is simply a statement of the law previously existing, as declared by this court in a number of cases, by invoking section 216, of chapter 40, of the Rev. Stat. of 1843, on page 711, to supply an omission in the code of 1852, as continued in force under section 802 of said code. And so, it has been uniformly held, in such cases as the one now before us, that no proof of the execution of the assignment or endorsement is necessary, unless the same has been put in issue by a pleading under oath. *Patterson* v. *Crawford*, 12 Ind. 241; *Belton* v. *Smith*, 45 Ind. 291; and *Vannoy* v. *Duprez*, 72 Ind. 26.

We are of the opinion, therefore, that the court erred in refusing to admit in evidence, without proof first made of their execution, the written assignments or endorsements of the notes in suit.

The appellee's counsel say, in argument, that the execution

of the notes was not so proven as to entitle them to admission in evidence; that proof of the decedent's signature to the notes was not sufficient, because, they say, that the delivery of the notes by the decedent was an essential part of their execution to the payee thereof. It will suffice to say, that this point is made for the first time in this court. The bill of exceptions shows, that upon proof made of the decedent's signature to the notes in suit, they were admitted in evidence, without any objection.

For the reasons given, we are of the opinion, that, under the law in force at the time of the trial of this cause, the court erred in overruling the motion for a new trial.

We ought to add, however, that since the trial of this case, the acts of 1881, which did not contain an emergency clause, took effect on the 19th day of September, 1881, by the publication and circulation thereof, by authority, in the several counties of this State. If these latter acts had been in force when this cause was tried, we should be of the opinion that the court did not err in excluding, as evidence, the endorsements of the notes in suit. For in section 100 of the act of April 14th, 1881, providing for the settlement of decedents' estates, it was provided that, in claims against decedents' estates, it should not be necessary for the executor or administrator to plead any matter by way of answer, except a set-off or counter-claim; and in section 115 of the code of 1881, part of which we have already quoted, it is expressly provided that " executors, administrators, or guardians, need not deny the execution of an instrument or the assignment thereof, under oath, but the same must be proved as if it were so denied."

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings.