Candy, Executor, v. Coppock.

---

No. 9604.

CANDY, EXECUTOR, v. COPPOCK.

DECEDENTS' ESTATES.—*Claims.—Statute of Limitations.—Practice.—Pleading.—Act of February 4th, 1881.*—Under the provisions of the act of February 4th, 1881 (Acts 1881, p. 20), until September 19th, 1881, the statute of limitations must have been pleaded to a claim against a decedent's estate, as in a civil action.

MARRIED WOMAN.—*Contract for Services.*—An agreement by a married woman to pay an attendant for services is void, and can not be enforced, although it was acknowledged by her after the death of her husband. An acknowledgment of an agreement does not constitute a promise to pay.

From the Grant Circuit Court.

*J. L. Custer*, for appellant.

*A. Steele* and *G. W. Gibson*, for appellee.

FRANKLIN, C.—Appellee filed a claim in the Grant Circuit Court against appellant, as executor of the estate of Nancy Russell, deceased. Appellant answered by a denial only. Verdict for appellee, with answers to interrogatories. Motion for a new trial overruled, and motion for judgment for appellant on answers to interrogatories overruled, and judgment rendered on the verdict. The errors assigned are the overruling of the motions for a new trial and for judgment on the answers to the interrogatories. The reasons for a new trial are, that the damages are excessive, and the verdict is not sustained by sufficient evidence. The claim is for services from 1854 to November 8th, 1879, and a few items of personal property, amounting in all to $1,347; the verdict was for $1,000. The evidence shows that appellee, when she was a girl about sixteen years old, went to live with said Nancy Russell, who was then married, and continued to live with her the most of the time until appellee married, in 1872, and after that time continued occasionally to work for her; that her services before she was married were worth from $1 to $1.50 per week, and that after she was married, in time of deceased's sickness, were worth from half a dollar to $5 per day; that while deceased was sick, upon two or three occasions, third parties, under the direction of deceased, had taken of her money and paid appellee half a dollar or more for work that she had then done. Deceased's husband died in the spring of 1872, and appellee married in the fall of 1872. Deceased died in November, 1879. Deceased, while married, had agreed to pay appellee for her services, and, after the death of her husband, had admitted that she owed appellee, and said she would not pay her while appellee's husband remained as he was; but, after the death of deceased's husband, deceased had promised appellee that she should be well paid for her services in thereafter waiting on deceased while sick. The jury, in answer to interrogatories, stated that the services were worth $1,000; that a part of said services, amounting to $426 worth, were rendered within six years prior to the filing of the claim; that

deceased was a married woman when the agreement for the payment of the other services was made, but the agreement was acknowledged by her after the death of her husband. Under these answers it is insisted by appellant that appellee could not recover for the services rendered in the lifetime of the husband, and if entitled to recover anything, could only recover for such services as were rendered within six years prior to the filing of the claim; and that the motion for judgment for appellant on the answers to the interrogatories, notwithstanding the general verdict, ought to have been sustained. This cause was tried on the 3d day of May, 1881, and judgment rendered therein on the 10th day of May, 1881. As to whether the appellant can avail himself of the statute of limitations without pleading it, depends upon the statute in force and applicable at the time of the trial. In the trials of claims against estates prior to February 4th, 1881, it has been repeatedly held by this court, that, under the evidence, the statute of limitations may be enforced without specially pleading it. *Niblack* v. *Goodman*, 67 Ind. 174 (see opinion on petition for a rehearing); *Parker* v. *Siple*, 76 Ind. 345. The same result will follow in trials of like claims had after September 19th, 1881, the time when the revision of 1881 went into force; but between the 4th day of February, 1881, and the 19th day of September, 1881, there was a statute in force, entitled "An act concerning the allowance of claims against decedents' estates," approved February 4th, 1881, which provided, that if the claim against the decedent's estate was not admitted as therein provided for, " the same shall be transferred to the issue docket of such court, and shall stand for trial at the next term thereof, as other civil actions pending therein." Acts 1881, p. 20. There has been a judicial construction placed upon this statute by this court, by which it has been held that it regulates and controls the manner or mode of the trial, and not merely the time when the claim shall stand for trial; and that in such cases special defences must be pleaded the same

as in other civil suits pending. *Jennings* v. *McFadden,* 80 Ind. 531. Therefore, the question of the statute of limitations can not be considered in this case. The agreement made with decedent while she was a married woman was void, and can not be enforced. The question as to whether a promise,. made by a *feme sole* to pay a debt created while she was a *feme covert,* is supported by a sufficient moral obligation to make the promise binding, it is unnecessary to decide, and we do not decide it in this case, for the reason that the evidence does not show that any such promise was made. An acknowledgment of an agreement does not constitute a promise to pay.

The answers to the interrogatories show that there was due the appellee for services rendered within six years prior to the filing of the claim, the sum of $426. These services were rendered for the deceased after she became a *feme sole,* and under a promise then made to pay for the same, which created a liability against her estate, and there was no error in overruling the motion for judgment in favor of appellant upon the answers to the interrogatories. The answers clearly show that appellee was entitled to recover the said sum of $426; and the evidence as clearly shows that the greater part of the $1,000, returned by the jury in favor of appellee, was for services rendered while deceased was a married woman; and to that extent we think the damages are excessive, and that, unless such excess be remitted, a new trial ought to be granted.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that if a remittitur for $574 of the judgment of the court below be filed in this court within sixty days, the balance of the judgment be and it is in all things affirmed, at appellee's costs; otherwise that it be and is in all things reversed, and that the cause be remanded, with instructions to grant a new trial, and for further proceedings.